WESTERN TIE & TIMBER COMPANY v. CAMPBELL.

Opinion delivered July 6, 1914.

1. MORTGAGES—SECURITY FOR PURCHASE PRICE—PRIORITY OF CLAIM OF MORTGAGEE.—A mortgage given at the time of the purchase of real estate, to secure the payment of the purchase money, whether given to the vendor or to a third person who, as a part of the same transaction, advances the purchase money, has preference over all judgments and other liens against the mortgagor. (Page 572.)

2. CRIMINAL PROCEDURE—STATE—LIEN FOR FINE AND COSTS.—Under Kirby's Digest, § 2467, the lien in favor of the State for fines and costs, against the property of defendant in a criminal prosecution, begins at the time of the arrest or finding of the indictment, and gathers within its sweep all the property owned by the accused from that time until judgment, subsequently rendered for fine and costs, is paid. (Page 574.)

3.  MORTGAGES—SECURITY FOR PURCHASE MONEY—PRIOR LIEN.—A` purchase money mortgage must be given simultaneously with the execution of the deed of conveyance in order to take precedence over prior liens, for if there is any intervening space of time during which the title rests in the purchaser, the prior liens attach to it in preference to the mortgage.  (Page 574.)

4.  MORTGAGES—UNRECORDED MORTGAGE—LIEN.—An unrecorded mortgage is valid as between the parties and as against persons holding the property under a voluntary conveyance.  Kirby's Digest, § 5396 (the registeration statute) does not apply between the parties to a mortgage or to a grantee under a voluntary conveyance.  (Page 575.)

5.  LIENS—STATE—PURCHASE MONEY MORTGAGE.—The lien of the State under Kirby's Digest, § 2467, for fines and costs, is superior to an unrecorded purchase money mortgage, given after the lien of the State, under the statute, became effective.  (Page 575.)

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*A. J. Stack* and *Frank H. Sullivan,* for appellant.

1.  The appellant's lien under the mortgage is superior to the lien of the State for the fine and costs. Kirby's Dig., § 2467; 35 Ark. 445; 59 *Id.* 213.  The State has no lien on after-acquired property.  50 Ark. 112.

2.  Outside the State the authorities are uniform that the mortgage is the superior lien.  1 Jones on Mort. (6 ed.), § § 468-472; 92 Ga. 746; 131 *Id.* 668; 20 Ill. 57; 55 Ia. 245; 32 Ark. 258.

*Stuckey & Stuckey* and *Lon L. Campbell,* for appellee.

1.  The lien of the State attached February 26, 1904; the lien of the deed of trust did not attach until November 4, 1904, hence the State's lien is superior.  Kirby's Dig., § 2647; 93 Ark. 42; 65 *Id.* 532.

2.  The State's lien was prior in time and bound all property from the time of indictment or arrest.  There is no room for construction—the language is plain. Kirby's Dig., § § 2467-5396; 93 Ark. 42; 70 *Id.* 566; 102 *Id.* 415; 97 *Id.* 43; 13 *Id.* 82-85; 50 *Id.* 108; 21 *Id.* 202.

McCULLOCH, C. J.  This controversy involves the title to a tract of land in Jackson County, Arkansas, both

parties to the suit claiming title from a common source, appellant claiming under a mortgage executed by one Thomas, and appellees claiming under a sale upon execution issued against the property of Thomas.

The question in the case relates to the priority of the respective liens.

On February 11, 1904, the grand jury of Jackson County returned an indictment against Thomas for misdemeanor, and he was arrested on a bench warrant in July of the same year.

After the return of the indictment against Thomas, some time during the month of February, 1904, the precise date not being shown, he negotiated the purchase of the tract of land in controversy from one Mustin, who was then the owner. The purchase price was to be $350, and Thomas borrowed $250 to complete the purchase, having only $100 of his own to pay on the land, and he executed the mortgage upon which appellant rests its claim of title to secure the amount so borrowed, which was used in paying the purchase price. The mortgage was dated February 26, 1904, and the deed from Mustin to Thomas bears date February 29, 1904, but the proof shows that the two transactions were simultaneous.

The mortgage was not recorded, however, until November 4, 1904.

On January 30, 1905, Thomas entered a plea of guilty, a fine of $50 was assessed against him, and judgment was rendered in favor of the State for the recovery of said fine and the costs of prosecution. In October, 1905, execution was issued on the judgment, the land was sold, and appellees became the purchasers.

Subsequently appellant purchased the notes secured by the mortgage executed by Thomas, and foreclosed the mortgage and became the purchaser at the sale.

It is quite well settled by the authorities that a mortgage, given at the time of the purchase of real estate to secure the payment of purchase money, whether given to the vendor or to a third person, who, as a part of the same transaction, advances the purchase money, has pref-

·erence over all judgments and other liens against the mortgagor.

"A purchase-money mortgage may," says Mr. Jones, "be made to a third person who advances the purchase-money at the time the purchaser receives his conveyance, and such mortgage is entitled to the same preference over a prior judgment as it would have had if it had been executed to the vendor himself." 1 Jones on Mortgages (6 ed.), § 472.

Professor Pomeroy has this to say on the subject:

"Even in the absence of any statute, and upon the general principles of equity, a purchase-money mortgage given at the same time as the deed, or as a part of the same transaction, has precedence over any prior general lien, such as that part of a prior judgment against the mortgagor. The same equitable rule applies in like manner to a mortgage given by the grantee to a third person, as security for money loaned for the purpose of being used, and which is actually used, in paying the purchase price." 2 Pomeroy's Equity Jurisprudence (3 ed.), § 725.

The following cases, among many others, fully sustain the text: *Kaiser* v. *Lembeck*, 55 Ia. 244; *Clark* v. *Butler*, 32 N. J. Eq. 664; *Moring* v. *Dickerson*, 85 N. C. 466; *Rogers* v. *Tucker*, 94 Mo. 346; *Roane* v. *Baker*, 120 Ill. 308; *Courson* v. *Walker*, 94 Ga. 175.

"The reason given," says the North Carolina court in stating the principle in the above cited case, "is that the execution of the deed and of the mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and without stopping, vests in the mortgagee, and during such instantaneous passage no lien of any character can attach to the title."

The facts presented in this record bring the case within that rule as to the mortgage under which appellant claims title, but the real turning point in the case is whether or not appellant's lien under the mortgage

was superior to the State's lien for the fine and costs assessed against Thomas.

The statute provides that "the property, both real and personal, of any person charged with a criminal offense, shall be bound from the time of his arrest, or the finding of an indictment against him, whichever shall first happen, for the payment of all fines and costs which he may be adjudged to pay." Kirby's Digest, § 2467.

This court, in an early case, speaking of that statute, said:

"This provision of law, we have no doubt, creates a lien in favor of the State, on all of the property of a person charged with a criminal offense, wheresoever it may be within the limits of the State, which attaches upon and binds it, not only in the hands of the accused, but also in the hands of any other person who shall, in any manner, possess or hold it, from the time of the arrest or indictment found, as mentioned in the statute, until the accused is discharged from the prosecution, or such fines and costs as shall be adjudged against him are paid." *Lawson* v. *Johnson,* 5 Ark. 168.

It is insisted by learned counsel for appellant that the lien which arises under the statute from the time of the finding of the indictment or the arrest, whichever first occurs, does not attach to after-acquired property.

But we think counsel are clearly mistaken in their interpretation of the statute. The binding force of the statute begins at the time of the arrest or finding of the indictment, but it gathers within its sweep all property owned by the accused from that time until the judgment subsequently rendered for fine and costs be paid.

Similar language is used in the statute creating liens in favor of judgment-creditors, the language being that a judgment shall be a lien "from the date of its rendition," and this court held in *Real Estate Bank* v. *Watson & Hubbard,* 13 Ark. 74-82, that the lien attached to any property acquired subsequent to the rendition of the judgment.

The main question is whether the State's lien attached as against the unrecorded mortgage.

It will be noted that under the authorities cited above a purchase money mortgage must be simultaneous with the execution of the deed of conveyance in order to take precedence over prior liens, for if there is any intervening space of time during which the title rests in the purchaser the prior liens attach to it in preference to the mortgage. *Cohn* v. *Hoffman,* 50 Ark. 108.

The registration statutes of this State provide that "every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before." Kirby's Digest, § 5396.

This court has held that, notwithstanding the provision of the statute with reference to registration of mortgages, an unrecorded mortgage is valid between the parties and as against persons holding the property under voluntary conveyance. *Main* v. *Alexander,* 9 Ark. 112; *Leonhard* v. *Flood,* 68 Ark. 162-168.

This is obviously so, because the registration statute is not intended to apply between the parties to a mortgage or to a grantee under a voluntary conveyance.

But is it valid as against the State's claim? We think not. If the statute, by express language, made the mortgage good except as against third parties, it might well be argued that the State was not deemed to be a party within its meaning. But the language is quite different. It declares, unconditionally, that the mortgage "shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before."

When the two statutes involved in this case are read together, the one which declares that the property of an accused person shall be bound for the fine and costs from the time of his indictment or arrest, and the one which declares when a mortgage lien shall take effect—the conclusion is unavoidable that the Legislature meant to give the State a lien against an unrecorded mortgage.

It does not follow that the State would have a lien as against equities of third parties not within the registration statutes; but where the statute has, as in this case, unconditionally provided that there shall be no lien until the mortgage is recorded, it would be straining the language of the lawmakers to say that an unrecorded mortgage should be valid as against the State's statutory lien.

We are of the opinion, therefore, that the State's lien was superior and that appellees acquired a superior title under their purchase at the execution sale. The decree of the chancery court is, therefore, affirmed.