FAULKNER COUNTY BANK & TRUST COMPANY *v.* VAIL.

Opinion delivered March 28, 1927.

MORTGAGES—PRIORITY.—Where a husband and wife executed a note and mortgage to a loan company for money to purchase land, but the loan company failed to advance the money as agreed, but transferred the note and mortgage to a third person, and subsequently a bank advanced the money to buy the land to the husband and wife and simultaneously took a mortgage, the lien of such mortgage was prior to that of the mortgage to the loan company.

Appeal from Faulkner Chancery Court; *John E. Martineau,* Chancellor on exchange of circuits; reversed.

*J. C. & Wm. G. Clark,* for appellant.

*R. W. Robins,* for appellee.

HUMPHREYS, J.    This suit was instituted in the chancery court of Faulkner County by appellee against George I. Wharton, Annie May Wharton, his wife, and appellant to recover judgment against the Whartons on a promissory note for $1,500 and interest, dated October 20, 1920, and to foreclose a mortgage executed by them on said date to secure same on the northwest quarter of the southwest quarter of section 17, township 5 north, range 11 west, in said county.    It was alleged that the note and mortgage were executed to the Conservative Loan Company; that it placed the mortgage of record on the 22d

day of December, 1922, and duly assigned the note and mortgage to appellee on January 5, 1923, for a valuable consideration before maturity.

Appellant filed an answer, interposing the defense that it acquired a lien for $995 upon said real estate paramount to appellee's lien by virtue of having furnished that amount of money to the Whartons to buy the land with the understanding that he and his wife would execute a mortgage back to it on said land to secure the purchase money thus advanced. Appellant also filed a cross-bill against the Whartons asking judgment upon the purchase money note, with interest, and for a decree of foreclosure and order of sale to satisfy said indebtedness.

The cause was submitted to the court upon the pleadings and testimony adduced by the respective parties, which resulted in a judgment against the Whartons in favor of appellee for the $1,500 note and interest, and in favor of appellant for $1,032.75 on the purchase money note, declaring a paramount lien upon the land in favor of appellee, and decreeing a foreclosure of the land and sale thereof to satisfy said judgments in the order of priority thus declared.

Appellant has duly prosecuted an appeal to this court from that part of the decree declaring its lien inferior to the lien of appellee.

The facts are undisputed. On October 20, 1922, George I. Wharton and his wife, Annie May Wharton, in contemplation of the purchase of said land, executed a note and mortgage on same to the Conservative Loan Company for $1,500 with which to pay for it. The Conservative Loan Company recorded the mortgage on December 22, 1922, and assigned the note and mortgage to appellee on January 5, 1923, before maturity, for a valuable consideration. The Conservative Loan Company failed to advance any sum to the Whartons on the $1,500 note and mortgage, so they were unable to purchase the land. Later in the year they renewed their effort to purchase the land, and contracted to buy

same from the owners for $1,000, paying $10 down to bind the trade. They then arranged with appellant to advance the balance of the purchase money, amounting to $995, $5 being included to pay the expenses to be incurred in the preparation of the papers, under agreement that they would execute a mortgage back to appellant on the land to secure it for the purchase money advanced. Pursuant to the agreement, the Whartons executed the note for $995 and a mortgage to secure same upon said land, but, through mistake, described it as being in section 7 instead of section 17. The mortgage was dated December 28, 1922, acknowledged December 29, and immediately sent from Wharton's home, about twenty miles distant, to the bank. Upon receipt of the mortgage the bank placed $995 to the credit of George I. Wharton with which to pay for the land. He then notified the owners of the land that he had obtained the money from the bank to pay them, whereupon they executed a deed, correctly describing the land, to him, dated December 30, 1922. Upon the receipt of the deed he gave them a check, drawn upon the bank, for $990 and sent the deed to it. The owners of the land came to town, and cashed the check. The transaction was closed on December 30, 1922. On that date the deed was delivered to the bank, the purchase money paid on the check, mortgage recorded, and Wharton took possession of the land. Subsequently the misdescription in the mortgage was discovered and the bank retained the deed, not placing the same on record, until it could get a new mortgage from the Whartons correcting the description. On June 21, 1923, it procured a new mortgage properly describing the land, and then placed it and the deed on record.

In 19 R. C. L., page 416, article 196, the rule applicable to the facts recited above is as follows:

"It is a general rule, to which there is little dissent, that a mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto, or afterwards, but as a part of the same

transaction, is a purchase money mortgage, and entitled to preference as such over all other claims or liens arising through the mortgagor, though they are prior in point of time; and this is true without reference to whether the mortgage was executed to the vendor or to a third person. The reason for the rule most frequently given is that the execution of the deed and mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and, without stopping, vests in the mortgagee, and during such instantaneous passage no lien of any character can attach to the title. The deed and mortgage need not be executed at the same moment, nor even on the same day, to make them contemporaneous, provided they were parts of one continuous transaction, and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties.''

The rule thus announced is supported by the following authorities: 27 Cyc. 1180-1182; 2 Pomeroy's Equity Jurisprudence, art. 725 (3d ed.); 1 Jones on Mortgages (7th ed.), 703-713. Our own court states in the case of *Western Tie & Timber Co.* v. *Campbell,* 113 Ark. 570, 169 S. W. 253, Ann. Cas. 1916C, 943, that:

''A mortgage given at the time of the purchase of real estate to secure the purchase money, whether given to the vendor or to a third person, who, as a part of the same transaction, advances the purchase money, has preference over all judgments and * * * liens against the mortgagor.''

Appellee contends that § 1498 of Crawford & Moses' Digest, providing that an after-acquired title by a grantor shall immediately pass to his grantee, rendered the mortgage lien of appellee prior and paramount to that of appellant because prior in date and recorded first. We do not think so, for the Whartons only acquired by reason of the simultaneous transaction an equity in the land subject to the payment of the purchase money to the bank, and appellee could not acquire more under that

statute than his grantors, the Whartons, acquired. Appellee had nothing under his mortgage prior to the time the bank advanced the purchase money to buy the land. Wharton had no title to it at all at the time the note and mortgage which he purchased were executed. If the bank had not advanced the money with which to buy the land under an agreement that it was to have a mortgage to secure the purchase money thus advanced, appellee would never have acquired any lien upon same, for Wharton could not have purchased same unless the bank had advanced him the money to do so. It would indeed be inequitable, under these circumstances, to allow appellee's lien to take precedence over that of appellant.

On account of the error indicated the decree is reversed, and the cause is remanded, with directions to declare appellant's lien paramount to that of appellee.