GEORGE W. SCHILLING, and WILLIAM H. SCHILLING, as Administrators of the estate of GEORGE SCHILLING, alias GEORGE SCHILLING, deceased, *Appellants*, v. BANK OF SULPHUR SPRINGS, a Corporation, G. LUDWIG FISHER and ELIZABETH FISHER, his wife, *Appellees*.

147 So. 218
Opinion filed March 21, 1933.

*E. B. Drumright*, for Appellants;
*C. Edmund Worth,* for Appellees.

TERRELL, J. — The appellee, Bank of Sulphur Springs, brought suit against F. Ludwig Fisher and Elizabeth Fisher, his wife, to foreclose a mortgage. Appellants were also made parties defendant because of a judgment recovered by George Schilling in the Circuit Court of Hillsborough County against Fisher prior to the execution of the mortgage. Fisher answered the bill to foreclosure admitting all material allegations thereof and in addition thereto set up the fact that he had lived on the mortgaged premises continuously to within two months of the institution of the foreclosure suit.

The appellants also answered the bill and required strict proof of the material allegations thereof. As a defense appellants allege that they have been duly appointed ad-

ministrators of the estate of George Schilling who during his life time recovered a judgment against F. Ludwig Fisher in the Circuit Court of Hillsborough County for the sum of $6,986.25. It is further alleged that no part of said judgment has ever been satisfied nor was it discharged by a certain bankruptcy proceeding against Fisher, but on the other hand was and is a fixed charge and a prior claim against the lands described in the mortgage.

Much of the briefs of counsel for both parties is devoted to the question of whether or not the judgment of George Schilling was regular and valid or whether it was discharged by the bankruptcy proceeding referred to, or whether it was barred by Fisher's alleged homestead claim or whether such a claim actually existed in Fisher's favor and whether it was in fact a claim or lien against the lands prior in dignity to the mortgage.

In the state of the case we deem it unnecessary to answer any of these questions. The record discloses that the Schilling judgment against Fisher was secured in 1916 while he (Fisher) bought the lands described in the mortgage in 1922 from a man named Perry for $1,600.00 which money he (Fisher) borrowed from a Mrs. Dominguez who advanced him the full amount of the puchase price. Mrs. Dominguez paid the amount direct to Perry who executed a mortgage to her to secure the loan at the same time executing a deed to Fisher. All the foregoing having taken place as one transaction.

Three years elapsed and the Dominguez mortgage matured. The mortgagee demanded payment and Fisher went to the Bank of Sulphur Springs for a loan for that purpose. Perry who was an officer of the bank and had sold the land to Fisher examined the abstract, which had not been brought down to date and re-certified, but showed the judg-

ment in favor of Schilling against Fisher. Fisher exhibited to Perry his discharge from bankruptcy dated subsequent to said judgment and assured him that he had lived on the land continuously and had claimed it as his homestead. On the basis of these assurances and his prior knowledge that the money was for the purchase price of the land, Perry loaned Fisher the money in the form of a Cashier's Check drawn on the Bank of Sulphur Springs in favor of Mrs. Dominguez for the $1,600.00, took a satisfaction of the old mortgage from her and took a new mortgage from Fisher to secure the latter loan, all in one and the same transaction.

It was the intention of all parties that the bank should have the same security as Mrs. Dominguez, who had paid Perry the full purchase price of the land and the bank had paid her in full all she paid. Fisher had never put a cent in the venture. Under this state of facts equity would require that the bank be subrogated to the rights of Mrs. Dominguez to foreclose the mortgage. Even if the Schilling judgment is good, which we do not determine, equity will not permit it to displace a purchase money mortgage. This disposition leaves the holder of the judgment in no worse position than if the lien of Mrs. Dominguez had not been discharged.

In Federal Land Bank of Columbia v. Godwin *et al.,* 107 Fla. 537, 145 So. 883, we treated the doctrine of subrogation grounded on facts controlling the case at bar so the judgment below is affirmed on authority of that case. See also Federal Land Bank of Columbia v. Dekle decided March 3rd, 1933.

Affirmed.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.