338 So.2d 552 (1976)
ASSOCIATES DISCOUNT CORPORATION and William A. Ingraham, Jr., Trustee, Appellants,
v.
John GOMES and Adeline Gomes, His Wife, Appellees.
No. 75-1629.
District Court of Appeal of Florida, Third District.
October 19, 1976.
Jerry B. Schreiber, Miami, for appellants.
Ralph M. Jones, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
*553 PER CURIAM.
Appellants seek reversal of a final judgment of foreclosure determining appellees' mortgage to be a superior lien.
In October 1969 appellants Associates Discount Corporation and William A. Ingraham, Jr., Trustee had a personal final judgment recorded against John and Estella Martin. Thereafter the Martins purchased from appellees, John and Adeline Gomes, the subject real property and executed a promissory note and mortgage in their favor. Subsequently the Martins defaulted on the mortgage payments, and appellees filed a complaint to foreclose mortgage and a notice of lis pendens. While this action was pending, appellants levied upon the subject property with the October 1969 final judgment against the Martins, and on September 18, 1973 at a public sale the property was sold by the sheriff to the appellants. On November 21 a final judgment of foreclosure was entered in favor of appellees, and on December 27 a certificate of sale issued to them. Upon learning of the sheriff's sale, appellees moved to set aside the final judgment and sale. This motion was granted, and appellees filed an amended foreclosure complaint adding appellants. Appellees filed motion for summary judgment and after a hearing, the court granted appellees' motion on the ground that appellees' purchase money mortgage is a superior lien to appellants' judgment lien. Thereupon, a final judgment of foreclosure was entered in favor of appellees.
Appellants contend the trial court erred as a matter of law and fact when it upheld the priority of the purchase money mortgage. We cannot agree.
The law is well settled that purchase money mortgages generally take priority over any other prior or subsequent claims or liens attaching to the property through the mortgagor and these mortgages are recognized as being senior to the claims of dower and homestead as well as to judgment liens and mortgages on after acquired property. County of Pinellas v. Clearwater Fed. Sav. & L. Ass'n, 214 So.2d 525 (Fla.2d DCA 1968). Further, appellants' attempt to execute on their judgment was too late as prior thereto the foreclosure action by appellants had commenced and a notice of lis pendens had been filed. Cf. Baron v. Aiello, 319 So.2d 198 (Fla.3d DCA 1975). Thus, the trial judge was eminently correct in determining that appellees' purchase money mortgage does have priority.
Affirmed.
BARKDULL, C.J., concurs in decision.