399 So.2d 1057 (1981)
Oscar SARMIENTO, Appellant,
v.
STOCKTON, WHATLEY, DAVIN & CO., Appellee.
No. 80-2246.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Stern & Kneski, Miami, for appellant.
Stephen I. Wiener and James M. Fishman, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
This appeal is taken from a final summary judgment which held that the appellant's judgment lien was inferior to the appellee's mortgage.
On January 11, 1977, the appellant recovered a judgment in the amount of $3,822.00 against one Emmie Turner. The judgment was recorded that same day. On November 15, 1979, Turner purchased certain real *1058 property in Dade County from a third party, executing a mortgage thereon in the amount of $24,950.00 in favor of the appellee herein. Thereafter, Turner sold the property to Kathleen Faulkner, who defaulted on the mortgage. On or about July 11, 1980, the appellee herein filed a mortgage foreclosure action against Faulkner, the appellant herein and certain others. Notice of lis pendens was also filed. The appellant answered this foreclosure action, contending his prior recorded lien takes priority over the appellee's mortgage. Both the appellant and the appellee moved for summary judgments, each contending their claim was prior to the other's. After hearing thereon, the final summary judgment appealed herein was entered.
On appeal, the appellant contends the trial court erred in holding that a mortgage executed in favor of a party other than the vendor, in order to finance a part of the purchase price, is superior in dignity to a prior recorded judgment lien against the mortgagor-vendee. The reason therefor being that the mortgage lien is not a true purchase money mortgage, in that the mortgage was not executed in favor of the vendor but in favor of a third party.
The appellant's contention is without merit and this case will be affirmed on the authority of Associates Discount Corporation v. Gomes, 338 So.2d 552 (Fla.3d DCA 1976); Shilling v. Bank of Sulphur Springs, 147 So. 218 (Fla. 1933); Cheves v. First National Bank of Gainesville, 79 Fla. 34, 83 So. 870 (1920); 2 Boyer, Florida Real Estate Transactions, § 32.04(1). In the latter authority, the following is found:
"As long as it is executed in conjunction with the purchase and given as security for a portion of the purchase price, it is a purchase money mortgage, although the money is advanced by a third party and the mortgage is executed in his favor." page 32-27.
Affirmed.