DOWNEY, Judge.
Appellant, Bernard W. Gimbel (Gimbel), appeals from a non-final order denying his motion for relief from judgment, filed pursuant to Florida Rule of Civil Procedure 1.540(b). We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).
It appears that in October, 1981, appel-lee, International Mailing and Printing Co., Inc. (International), being indebted to Gim-bel, executed a promissory note for $200,-000 and a chattel mortgage on a Boeing 707 airplane. Said note was guaranteed by appellees, Stanley Myatt and Harvey Seig-el. Appellee, Airwing International (Airw-ing) furnished labor and services to International in maintaining said airplane.
This litigation commenced when Gimbel filed a multicount complaint to recover on said promissory note and chattel mortgage, for injunction, and for replevin of said aircraft against appellees, International, Myatt, Seigel, Airwing, and others. The writ of replevin was granted and the airplane was delivered to Gimbel’s possession, where it remained until final judgment. However, due to vandalism and the absence of proper maintenance, the aircraft diminished in value while in Gimbel’s possession.
Gimbel obtained a summary judgment against Seigel’s Estate, based on the guaranty agreement (Seigel having died in the interim), which the Estate paid in full. As a result, the Seigel Estate became subro-gated to Gimbel’s rights against International. As part of the settlement of Gim-bel’s judgment against Seigel, Gimbel and Seigel’s Estate entered into an assignment agreement, wherein, among other things, the Estate agreed to assign to Gimbel so much of any judgment Seigel might recover against International as is necessary to discharge any judgment International might recover against Gimbel. Based upon said assignment, Gimbel filed a Supplemental Complaint for Indemnification and Other Relief, praying that the court would recognize the assignment and set off the Seigel judgment against the judgment International might recover against Gimbel. In due course, final judgment was entered, wherein Airwing was awarded a lien for $65,908.40, plus interest and attorney’s fees, against International and the aircraft. International was awarded judgment against Gimbel for $120,000 plus attorney’s fees for the loss in value of the aircraft while in Gimbel’s possession. The Seigel Estate recovered judgment against International for $292,000 and the court found Gimbel was not entitled to any award because of the recovery from Seigel. Gim-bel’s untimely appeal therefrom was dismissed. Thereafter, a timely motion for relief from judgment was filed by Gimbel pursuant to Florida Rule of Civil Procedure 1.540(b) and denied. That order is the subject of this appeal.
We affirm the order appealed from for several reasons: 1) the question involving Gimbel’s right to set off the Seigel judgment against International’s judgment against Gimbel was presented to the trial court and rejected. Gimbel thereupon had a plain, adequate remedy by plenary appeal from said judgment but failed to timely pursue it; 2) if the matter is not res judica-ta, its presentation to the court via rule 1.540(b) calls for an exercise of the court’s discretion and we find adequate support in the record for the trial court’s exercise thereof.
Gimbel asserted in his 1.540(b) motion that the International judgment against him had been satisfied, released or discharged and/or it was otherwise inequitable that the judgment have a prospective application. This argument we find unacceptable because the trial court was aware of Gimbel’s setoff claim before it entered judgment against Gimbel but the court refused to allow the setoff. Whatever equities favored allowing the setoff existed before entry of the judgment and, thus, the provisions of rule 1.540(b)(5) are inapplicable. As the court said in Hensel v. Hensel, 276 So.2d 227, 228 (Fla. 2d DCA 1973):
*633 [T]he equities spoken of in ground No. 5 of the rule [allowing that a judgment should not have prospective effect] are those which come to fruition after a final judgment, not those which would theretofore have been available as defenses to the action. This is so because to say, in the language of the rule, that it is “no longer equitable” that a judgment be given prospective effect is to say that it once was equitable that it have such effect. This in turn, of course, presupposes that the judgment was valid to begin with. It is therefore entitled to the “finality” inherent in the concept of res judicata and in the law’s desire to terminate litigation unless strictly falling within the exceptions of the rule. (Original emphasis.)
Again the proper remedy appears to have been a plenary appeal from the judgment to rectify the court’s refusal to grant the setoff.
Regardless of the foregoing, which we believe sufficient to conclude the matter, if Gimbel’s claim was an appropriate subject for relief under rule 1.540(b), it would have been a matter within the discretion of the trial court. The weight of authority holds that the exercise of jurisdiction to set off one judgment against another is not a matter of right, but is one falling within the court’s discretion; it is a matter of grace confined to the sound discretion of the court. 47 Am.Jur.2d Judgments § 1003 (1969). Furthermore, a set-off of this nature will be refused if injustice will result. This rule is set forth in 47 Am.Jur.2d Judgments § 1004 (1969), as follows:
It is the general rule that a setoff of one judgment against another will be refused if injustice will result therefrom. Thus, the setoff will be permitted only where it appears that substantial justice will be accomplished thereby, that good conscience requires it, that there are circumstances rendering the setoff equitable, and that there are no contravening equities, and when it involves no infringement on other rights of equal grade. In the allowance or refusal of the setoff, it has been declared that each case is determined on its own merits, according to the dictates of justice.
It is a general rule that a setoff of judgments will not be granted in violation of any established principle of law or equity. The setoff may be denied where intervening rights would be prejudiced thereby or where facts external to the judgments themselves make a setoff inequitable.
The record contains a solid basis for the trial court to conclude that to allow Gimbel to set off the Seigel judgment against the International judgment would adversely affect both Airwing and International, to say nothing of International’s lawyers who hold a charging lien on International’s judgment against Gimbel. “An attorney’s lien upon a judgment for his services in obtaining it is superior to any equitable setoff of the judgment debtor.” 33 Fla. Jur.2d Judgments and Decrees § 472 (1982).
In view of the foregoing, we affirm the judgment appealed from.
ANSTEAD and LETTS, JJ., concur.