GARRETT TIRE CENTER, INC. *v.* Robert HERBAUGH

87-249                                    740 S.W.2d 612

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*Ford, Blair & Crabtree*, by: *John M. Blair*, for appellant.

*Croxton & Boyer*, by: *Hardy W. Croxton, Jr.*, for appellee.

JOHN I. PURTLE, Justice. The chancellor granted a summary judgment in favor of a purchase money mortgagee over a prior judgment lien holder. The appellant argues that his judgment lien was superior because it attached before the appellee's mortgage lien. We hold that the appellee's purchase money mortgage had priority.

The appellant, Garrett Tire Center, Inc., obtained a judgment on account against Robert Herbaugh on April 26, 1984. Attempts to execute on the judgment were unsuccessful because no assets could be located. On January 28, 1985, appellee Farmers and Merchants Bank made a purchase mortgage loan to Robert Herbaugh. The purchase money mortgage was filed on January 30, 1985, five minutes after the deed to Robert Herbaugh had been filed. On October 1, 1986, Farmers and Merchants Bank filed for foreclosure of its purchase money mortgage. The appellant intervened and asserted its judgment lien was superior to the bank's purchase money mortgage lien.

When a deed and a purchase money mortgage are a part of one continuous transaction, they are treated as being executed simultaneously. A prior judgment lien cannot attach

because the purchaser never obtains title to the land, but acquires only an equity interest subject to the payment of the purchase money. *Faulkner County Bank and Trust Co.* v. *Vail*, 173 Ark. 406, 293 S.W. 40 (1927). In *Vail* we quoted with approval 19 R.C.L., art. 196, p. 416:

> It is a general rule, to which there is little dissent, that a mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto, or afterwards, but as a part of the same transaction, is a purchase money mortgage, and entitled to preference as such over all other claims or liens arising through the mortgagor, though they are prior in point of time; and this is true without reference to whether the mortgage was executed to the vendor or to a third person. The reason for the rule most frequently given is that the execution of the deed and mortgage being simultaneous acts, the title to the land does not for a single moment rest in the purchaser, but merely passes through his hands, and, without stopping, vests in the mortgagee, and during such instantaneous passage no lien of any character can attach to the title. The deed and mortgage need not be executed at the same moment, nor even on the same day, to make them contemporaneous, provided they were parts of one continuous transaction, and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties.

The appellant argues that under Ark. Stat. Ann.§ 51-1002 (Repl. 1971), a mortgage, including a purchase money mortgage, is not valid against a third party until recorded. Therefore, appellant's judgment lien attached during the five minute space of time after the deed was filed and before the purchase money mortgage was recorded. Appellant relies on *Western Tie & Timber Co.* v. *Campbell*, 113 Ark. 570, 169 S.W. 253 (1914), where the state obtained a statutory lien on a defendant's real property for the criminal fines and costs adjudged against the defendant. Subsequently, the defendant simultaneously purchased land and executed a purchase money mortgage on it. The purchase money mortgage was recorded eight months later. The priority between the state's lien and the purchase money mortgage became the issue on appeal.

The *Western Tie* court correctly stated the law as follows:

> It is quite well settled by the authorities that a mortgage, given at the time of the purchase of real estate to secure the payment of purchase money, whether given to the vendor or to a third person, who, as a part of the same transaction, advances the purchase money, has preference over all judgments and other liens against the mortgagor.

Nonetheless, the court held that the legislature intended to give the state a lien against an unrecorded mortgage; so, under the circumstances the prior state lien was superior to the purchase money mortgage.

Despite the result in *Western Tie*, there is no dispute that a purchase money mortgage, executed with a deed as a part of one continuous transaction, and recorded within a reasonable time to prevent detrimental reliance by a third party, is superior to any other lien. In the present case appellee Farmers and Merchants Bank obtained a promissory note secured by a purchase money mortgage as part of one transaction and recorded its lien within a reasonable time. The appellant did not in any way rely on the deed before the purchase money mortgage was recorded. The fact that the purchase money mortgage was filed five minutes after the deed was recorded did not affect the validity of the mortgage. We hold that the deed was encumbered by the purchase money mortgage at the time it was filed.

The appellant also argues that the court improperly granted summary judgment because material issues of fact were in dispute. We do not find anything in the record or the appellant's brief to indicate that a material fact was controverted. It was proper for the trial court to dispose of the case by summary judgment.

Affirmed.