Kenny GUFFEY, d/b/a Kenny Guffey Construction Company, Plaintiffs–Appellants,

v.

David J. CREUTZINGER, and Janice K. Creutzinger, Owners, First Tennessee Bank National Association, J. Michael Winchester, Trustee, Defendants–Appellees,

David J. Creutzinger, Individual Heir and Personal Representative of the Estate of Albert Federick Creutzinger, and Joyce Gerhardstein, Individual Heir and Personal Representative of the Estate of Albert Frederick Creutzinger, and Rob Gratigny, Trustee, Defendants.

Court of Appeals of Tennessee, Western Section, at Knoxville.

June 15, 1998.

Application for Permission to Appeal Denied by Supreme Court Nov. 9, 1998.

Kenneth W. Holbert, Finkelstein, Kern, Steinberg & Cunningham of Knoxville, Jerry K. Galyon, Galyon & Stokes of Sevierville, for Appellants.

J. Michael Winchester, Gordon D. Foster, Lacy & Winchester, P.C., of Knoxville, for Appellees, First Tennessee National Association and J. Michael Winchester, Trustee.

CRAWFORD, Presiding J., Western Section.

This case involves priority of liens on real estate. Plaintiff, Kenny Guffey d/b/a Kenny Guffey Construction Company (Guffey), filed suit for declaratory judgment and other relief against defendants, David J. Creutzinger and Janice K. Creutzinger, First Tennessee Bank, N.A., and J. Michael Winchester, Trustee, seeking to establish that the plaintiff's judgment lien is superior to the bank's mortgage lien.[1] The facts are not in dispute. On June 15, 1995, Guffey obtained a judgment against defendants David and Janice Creutzinger in the amount of $67,140.95, plus costs and interest. A certified copy of the judgment was duly recorded in June and July, 1995 in the Register's Office of Sevier County, Tennessee.

By warranty deed dated November 27, 1995, Robert and Linda Parker conveyed Sevier County real property, which is the subject of this suit, to the Creutzingers. By trust deed dated November 27, 1995, the Creutzingers conveyed the subject property to J. Michael Winchester, Trustee, for First Tennessee Bank to secure the payment of a note signed by the Creutzingers payable to the bank in the amount of $113,000.00. Both the warranty deed and the trust deed were recorded in the Register's Office of Sevier County, Tennessee, on November 29, 1995 at 10:31 A.M.

---

1. The complaint also sued additional defendants pertaining to another lien instrument filed subsequent in time to the instruments involved herein and which has no bearing on the issues involved in this controversy.

Guffey filed a motion for summary judgment, asserting that his judgment lien has priority over defendants' mortgage lien because it was recorded prior thereto. The bank and Winchester filed a motion for summary judgment based on their assertion that their mortgage interest has priority because it is a "purchase money mortgage." The bank's summary judgment motion is supported by the affidavit of David W. Rector, Senior Vice President Loan Officer, stating that the trust deed in question secured a loan in the amount of $113,000.00, which was made to the Creutzingers for them to purchase the subject property and that the funds were utilized solely as purchase money for the property.

The trial court denied Guffey's motion for summary judgment and granted the summary judgment motion of the bank and Winchester. Guffey has appealed and the only issue for review is whether the trial court erred in denying his motion for summary judgment and in granting the summary judgment motion of bank and Winchester.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

■ Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

■ Tennessee Code Annotated § 66–24–119 (1993) states:

> Judgments, attachments, orders, injunctions, and other writs affecting title, use or possession of real estate, issued by any court shall be effective against any person having, or later acquiring, an interest in such property who is not a party to the action wherein such judgment, attachment, order, injunction, or other writ is issued only after an appropriate copy or abstract, or a notice of lis pendens, is recorded in the register's office of the county wherein the property is situated....

Guffey asserts that by virtue of T.C.A. § 66–26–105 (1993) (first registered instrument has preference over later registered instrument) and the above statute, his judgment lien has priority over the bank's deed of trust. The Appellees, however, argue that due to the "oneness" of the transaction, the Creutzingers actually acquired encumbered title, and the judgment lien cannot attach ahead of the purchase money deed of trust.

■ The Appellees' argument is premised on the notion that purchase money instruments retain special priority rights. It has been widely held in jurisdictions throughout this country that:

> A mortgage on land executed to secure the purchase money by a purchaser of the land contemporaneously with the acquisition of the legal title thereto, or

afterward but as a part of the same transaction, is a purchase-money mortgage, and is entitled to a preference as such over all other claims or liens arising through the mortgagor, although they are prior in point of time.

55 Am.Jur.2d *Mortgages* § 325 (1996); *see also* 59 C.J.S. *Mortgages* § 215 (1998); Nelson & Whitman, Real Estate Finance Law § 9.1 (3d ed.1993). This rule applies regardless of whether the purchase money was advanced by the vendor or a third party lender. *See, e.g.,* 55 Am.Jur.2d *Mortgages* § 325; 59 C.J.S. *Mortgages* § 215; Nelson & Whitman, *supra,* at 801; *Garrett Tire Ctr., Inc. v. Herbaugh,* 294 Ark. 21, 740 S.W.2d 612, 613 (Ark.1987); *Martin v. First Nat'l Bank of Opelika,* 279 Ala. 303, 184 So.2d 815, 818 (Ala.1966); *Slate v. Marion,* 104 N.C.App. 132, 408 S.E.2d 189, 191 (N.C.App. 1991); *Aetna Cas. & Sur. Co. v. Valdosta Fed. Sav. & Loan Assoc.,* 175 Ga.App. 614, 333 S.E.2d 849, 852 (Ga.App.1985); *Huntingburg Prod. Credit Assoc. v. Griese,* 456 N.E.2d 448, 453 (Ind.App.1983); *Sarmiento v. Stockton, Whatley, Davin & Co.,* 399 So.2d 1057, 1058 (Fla.App.1981).

Courts have espoused several different rationales to explain this special priority given to purchase money mortgages. One theory, sometimes referred to as the doctrine of instantaneous or transitory seisin, holds that title is conveyed to the grantee and then from the grantee to the purchase money mortgagee so quickly that no other interest has time to attach to it. *See, e.g., Slate,* 408 S.E.2d at 190–91; Nelson & Whitman, *supra,* at 803. Thus, under this theory, the grantee-mortgagor serves as a "mere conduit." *Id.* Perhaps this is somewhat of a legal fiction since it can be argued that some period of time elapses between the conveyance to the mortgagor and the execution of the mortgage. Nevertheless, many courts have loosely construed the time lapse, focusing instead on whether the actions were part of "one continuous transaction," so that the parties' intent would be promoted. *See, e.g., Sunshine Bank of Fort Walton Beach v. Smith,* 631 So.2d 965, 967 (Ala.1994) (citing 59 C.J.S.

*Mortgages* § 231); *Herbaugh,* 740 S.W.2d at 613; *Hursey v. Hursey,* 284 S.C. 323, 326 S.E.2d 178, 180 (S.C.App.1985).

Another theory reasons that the only title that the purchaser receives is encumbered title. This theory gives a purchase money mortgage the same status as a retained vendor's lien.[2] In other words:

> [a] prior judgment lien cannot attach because the purchaser never obtains title to the land, but acquires only an equity interest subject to the payment of the purchase money.

*Herbaugh,* 740 S.W.2d at 613; *see also Griese,* 456 N.E.2d at 453.

Underlying the legalistic rationales for justifying the imposition of the rule is a more compelling public policy principle premised on a notion of intrinsic fairness. From a pragmatic standpoint, the property probably would never be sold to a vendee and the purchase money advanced for that purpose if the purchase money mortgagee anticipated that its interest would be inferior to that of another creditor. *See Slate,* 408 S.E.2d at 191. Furthermore, judgment lien creditors

> have not extended their credit in reliance on the right to be repaid out of *any* specific property, much less out of property previously owned by another and coming to the debtor unpaid for, with the seller of it relying upon that very property she has parted with for her payment.

Nelson & Whitman, *supra,* at 805 (emphasis in original). Judgment lien creditors simply could not rely on the purchaser's acquisition of the property at issue, since their judgments were entered *before* the property was acquired. *Id.*

At least within the modern era, no Tennessee cases have directly addressed the issue of purchase money mortgage prioritization. In *Prichard Bros. v. Causey,* 158 Tenn. 53, 12 S.W.2d 711 (1929), the Court considered whether a purchase money mortgage has priority over a preexisting mechanic's lien. In this case, the vendee contracted for the purchase of a house but before title was

---

**2.** Nelson & Whitman aptly note that it is more difficult to justify this theory in the context of third party purchase money lenders. *See* Nelson & Whitman, *supra,* at 804.

conveyed, the vendee then contracted for and obtained delivery to the property certain materials to be used in the house. Several weeks later, the vendor delivered a deed to the vendee, and "[c]ontemporaneous with the delivery of said deed," the vendee delivered a deed of trust to the vendor to secure the purchase money. *Prichard Bros.*, 158 Tenn. at 56, 12 S.W.2d at 712. The deed and the deed of trust were both recorded a few days later. The parties did not question the lower courts' findings that "the deed and deed of trust were delivered at the same time and constituted one transaction." *Id.* The materialmen argued that their mechanics' lien was superior to the vendor's lien, since materials were delivered prior to the time title was passed by the warranty deed and the deed of trust.

The Supreme Court, in holding that the purchase money mortgage had priority, said:

> It is generally held that a vendor's lien is superior to that of a mechanic, and, upon principle, we think this is true whether the vendor executes a bond for title, or a deed retaining a lien on its face, or executes a joint instrument with his vendee, by which he conveys title to the vendee and the latter, in turn, conveys the property by mortgage or deed of trust to secure the purchase money, or where, as in these causes, contemporaneous with the delivery of the deed, the vendee delivers a deed of trust or mortgage to secure the unpaid purchase money. They all have the same object, constitute but one transaction, and vest in the vendee the same interest. *In neither case has the vendee ever been vested with an absolute title, but, whatever method is adopted, he takes the land subject to the vendors' lien, and his creditors can obtain no greater interest than he possesses.* This view is well supported by the authorities. In 40 C.J., 296, it is said: "It is well settled that, where a person not the owner of the property, but in possession thereof under a contact of sale or otherwise, makes improvements thereon and subsequently receives a deed of the property, and at the same time executes and delivers to the vendor a purchase-money mortgage, such mortgage is prior to mechanics' liens arising out of the improvements."

*Prichard Bros.*, 158 Tenn. at 57–58, 12 S.W.2d at 712 (emphasis added).

In *Bridges v. Cooper*, 98 Tenn. (14 Pickle) 381, 39 S.W. 720 (1897), the Court referred by analogy to the "contemporaneous" element of purchase money mortgages. In *Bridges*, a mortgagee released its mortgage so that the mortgagor could sell and convey the property without the encumbrance. In exchange, the mortgagor agreed to satisfy the debt by assigning money gained from the sale, secured by a vendor's lien. A judgment creditor claimed that when the mortgagee relinquished its interest, the creditor's interest became superior. *Bridges*, 98 Tenn. at 382–86, 39 S.W. at 720–21. The mortgagee, however, claimed priority because the notes "when executed, were, by agreement made at the time of the release and quitclaim, substituted for the mortgage." *Bridges*, 98 Tenn. at 386, 39 S.W. at 721.

In holding that the judgment creditor had priority, the Court analogized the situation to a real estate sales transaction involving a purchase money mortgage:

> Cases involving rights under mortgages to secure purchase money for land have been very fruitful in illustration of the general doctrine that contemporaneous instruments are to be given effect as parts of one and the same transaction.
>
> \* \* \*
>
> Familiar as the principle is, however, it is not to be applied beyond its scope. To be operative as parts of a single transaction, the different instruments must take effect at the same time. Simultaneity is absolutely essential in every instance.
>
> \* \* \*

As to this, Jones observes: "A mortgage for purchase money, to be entitled to preference, must be executed simultaneously with the deed of conveyance from the vendor. If an interval of time is left between the transactions, during which the interest of the purchaser is liable to be seized on execution upon the judgment, this preference is lost, and the judgment is entitled to priority. If the instruments are delivered

at the same time, it does not matter that they were executed on different days, because they take effect only from the delivery." 1 Jones on Mort., Sec. 469.

*Bridges,* 98 Tenn. at 389–91, 39 S.W. at 722 (citations omitted). The Court concluded that since the two transactions occurred thirty days apart, they could not be considered as "parts of a single transaction." *Bridges,* 98 Tenn. at 391, 39 S.W. at 722; *see also Edwards v. Weil,* 99 F. 822 (6th Cir.1900); *Thomas v. Setliffe,* 160 Tenn. 689, 28 S.W.2d 344 (1930).

■ Guffey contends that the General Assembly's enactment of T.C.A. § 66–24–119 in 1984 unequivocally demonstrates its intention that prior recorded instruments should prevail. In the general sense we would agree that the recording statutes have that intention. However, from the above cases, we conclude that Tennessee has recognized the special nature of purchase money mortgages whereby the vendee is not vested with absolute title. *See Prichard Bros.,* 158 Tenn. at 57, 12 S.W.2d at 712. We must assume that the legislature in enacting this statute was cognizant of the law as established by our Supreme Court giving preference to a mortgagee over a mechanic's lien in a purchase money mortgage transaction. The statute by its terms provides that judgments "shall be effective against any person having, or later acquiring, an interest in such property." T.C.A. § 66–24–119. The judgment can be effective only as to the interest acquired, which in a sales transaction and a contemporaneous purchase money mortgage is "land subject to the vendor's lien." *Prichard Bros.,* 158 Tenn. at 57, 12 S.W.2d at 712. The General Assembly did not expressly abrogate this common law notion and, thus, we do not construe it as intending to do so. *Perry v. Sentry Ins. Co.,* 938 S.W.2d 404, 406 (Tenn.1996) ("Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms.").

In the present case, the transfer of the deed to the Creutzingers and the delivery of the deed of trust to First Tennessee Bank and Winchester occurred on the same day and were recorded simultaneously. We, therefore, find that the execution and delivery of these two instruments were in such proximity in time to constitute "one continuous transaction." *See, e.g., Sunshine Bank,* 631 So.2d at 967. By virtue of the contemporaneous purchase money mortgage, the title conveyed to the Creutzingers is considered encumbered when conveyed. *See Prichard Bros.,* 158 Tenn. at 57, 12 S.W.2d at 712; *Herbaugh,* 740 S.W.2d at 613; *Griese,* 456 N.E.2d at 453.

■ It could be argued that the theory of "one continuous transaction" is a legal fiction, but equity appears to support its recognition. Guffey does not appear to be harmed by the imposition of this rule. The Creutzingers did not have interest in the property at the time that Guffey's lien was filed. Thus, the Creutzingers' ownership of this land was not in contemplation when Guffey extended credit to the Creutzingers, and Guffey may not claim detrimental reliance. *Herbaugh,* 740 S.W.2d at 614; Nelson & Whitman, *supra,* at 805.

The order of the trial court granting summary judgment is affirmed, and this case is remanded to the trial court for such further proceedings as are necessary. Costs of the appeal are assessed against the Appellant.

DAVID R. FARMER, HOLLY KIRBY LILLARD, Judges, concur.