OWEN, WILLIAM C„ JR., Senior Judge.
In an attempt to fend off collection of a fifteen year old judgment against him, appellant, Robert G. Harris, (“Harris”), filed a rule 1.540 motion to vacate the judgment and, in a separate action, filed a motion to vacate/quash writ of execution. The denial of those motions, as well as a subsequent motion for rehearing, have spawned these three non-final appeals which we have consolidated for disposition. We affirm the several orders appealed.
In 1985 L.A. Baarcke, Jr., recovered judgment for approximately $110,000.00 against several defendants, including the appellant (the “Baarcke judgment”). A certified copy of the judgment was recorded and writ of execution delivered to the sheriff; otherwise, the judgment apparently remained dormant for the next fifteen years. In 2000, Baarcke assigned the judgment to appellee, National Judgment Recovery Agency, Inc. (“National”). The latter filed suit against Harris and others seeking a determination that the judgment lien had priority over other liens on certain real property titled in Harris’ name.[1] Harris filed an answer containing a general denial of the allegations of the complaint, but no affirmative defenses. On July 24, 2000, the trial court entered an order granting National’s motion for summary judgment against Harris. That order expressly withheld entry of final judgment pending resolution of issues between National and other defendants. On September 6, 2000, the court entered a final judgment authorizing National to foreclose on the real property.[2]

No. W01-1850

In January 2001, appellant filed, in the foreclosure suit, a motion pursuant to 1.540(b)(4) and (5), Fla.R.Civ.P., captioned “Motion to Vacate the Final Judgment of July 24, 2000.”[3] The order of July 24, 2000 was a non-final order not subject to relief under rule 1.540, see Badger v. Badger, 568 So.2d 79 (Fla. 4th DCA 1990), and on that basis alone the trial court would have been justified in denying the motion had it, as its caption indicated, actually sought to have the order of July 24, 2000 vacated. What the motion actually sought, apparent from a cursory glance, was to have the underlying Baarcke judgment vacated on the ground that the judgment was void or that it was no longer equitable for it to be enforced.[4] *853 The trial court treated it as a motion to vacate the Baarcke judgment and granted appellant an evidentiary hearing.[5]
Appellant’s own testimony on direct examination supported the allegations of the motion. Additionally, he produced a certified copy of a recorded 1984 deed from Baarcke to one Robbey, conveying a 2.3 acre parcel of land, to which deed were affixed canceled state documentary stamps indicating a consideration of $100,000.00, and a certified copy of the clerk’s progress docket in the Baarcke case, which described the final judgment as being in the amount of $44,184.90, plus $4,500.00 attorneys’ fees.
However, appellant’s credibility was somewhat impaired on cross-examination. For example, he was unable to furnish any corroboration that the deed from Baarcke to another had any connection to Baarcke’s pending case against him; nor, was he able to provide any plausible reason why neither he nor his attorney made any effort to have the case dismissed, i.e., “to go away,” after Baarcke’s sale of the subject property, nor to explain why he did not amend his pleadings to allege this defense. As to his cláim of lack of notice after his attorney withdrew, appellant admitted knowing his attorney had withdrawn, never having personally made inquiry as to the status of the case even though his counterclaim was still pending, and, despite changing his address about that time, continuing to receive his mail. He also admitted that in 1998 he had signed an affidavit that he was not the same Robert G. Harris named in the 1985 Baarcke judgment. Finally, the court had before it a certified copy of the recorded Baarcke judgment which stated on its face that the judgment was for “the sum of SIXTY-ONE THOUSAND THREE HUNDRED SIXTY SEVEN AND 92/00 DOLLARS, together with interest thereon from May 23, 1981 at the rate of EIGHTEEN (18%) percent per annum in the amount of $Jpk,18Ip.90, also ... an attorney’s fee of $Jp,500.00 ..” ■
The trial court denied the motion to vacate without making any factual findings. Appellant argues here that the trial court abused its discretion by (1) disregarding the certified copy of the progress docket and appellant’s unrebutted testimony; (2) not finding that under the circumstances it was no longer equitable that the judgment should have prospective application; and (3) denying the motion to vacate without findings of fact or conclusions of law. No abuse of discretion has been shown.
This court has held that a judgment entered against a defendant without notice is void, see, e.g., Polani v. Payne, 654 So.2d 202 (Fla. 4th DCA 1995); however, whether appellant failed to receive notices after his attorney withdrew was a fact issue. As noted earlier, appellant’s credibility was drawn into question and, under the circumstances, the trial court, as trier of fact, could, accept or reject appellant’s testimony.
The totality of the circumstances did not require the court to find that it was no longer equitable that the judgment *854 should have prospective application. Appellant cites Cutler Ridge Corp. v. Green Springs, Inc., 249 So.2d 91 (Fla. 3d DCA 1971), as authority for his argument, based primarily on his assertions (1) that Baarcke’s sale of the property extinguished his cause of action, and (2) after Baarcke sold the property he did not dismiss the suit as he had agreed to do, but instead he proceeded to obtain a judgment for an amount that was inexplicably greater by $61,367.92 than the amount of the judgment as shown by the clerk’s progress docket. Obviously, the trial court was not persuaded that appellant proved any connection between Baarcke’s sale of a 2.3 acre parcel of land and Baarcke’s suit for recission against appellant. Regardless, and totally dispositive of this point as a matter of law, even had the trial court found the events to be as appellant described them, the sale of the property while the suit was pending was a matter available as an affirmative defense in the Baarcke suit, and is not the type of equitable consideration contemplated by rule 1.540. See Gimbel v. International Mailing and Printing Co., 505 So.2d 631, 633 (Fla. 4th DCA 1987). Appellant’s claim that the judgment was inexplicably increased, a claim based upon the clerical discrepancy between the clerk’s progress docket and the face of the judgment, is too frivolous to warrant serious consideration. The clerk’s progress docket is a record of the dates on which various documents in a case (pleadings, motions or other papers) are filed with or issued by the clerk or court, with an abbreviated description of such document or instrument. The final judgment, as signed by the judge and sent to the clerk’s office for filing and/or recording, is not changed, altered or modified merely because the clerk, in making a progress docket entry, describes it erroneously.[6]
Finally, we have recognized that it is neither error nor an abuse of discretion for the trial court to fail to include either findings of fact or conclusions of law in its judgment, when not required by statute or rule. See, e.g., Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1993), rev. denied, 640 So.2d 1107 (Fla.1994).

Nos. W01-2826 and W01-8318

When National filed its “judgment foreclosure,” it also filed a Notice of Lis Pen-dens on certain real property owned by appellant, including a parcel described as the “Woodbine property.” On April 4, 2001, the Sheriff, acting upon National’s instructions, made levy on the Woodbine property under the writ of execution and filed a Notice of Levy.[7] Pursuant thereto, the Sheriff published a Notice of Sheriffs sale for July 18, 2001. Appellant filed (in the Baarcke case) a “Motion to Vacate/Quash the Writ of Execution/Notice of Levy,” on the ground that the holding in Associates Discount Corp. v. Gomes, 338 So.2d 552 (Fla. 3d DCA 1976), precludes levy on real property under a writ of execution while a foreclosure on that property is pending and Notice of Lis Pendens has been filed. On appeal from the order denying that motion (No. 4D01-2826), appellant makes the same argument here.
Appellant has simply misconstrued the holding of the Gomes case. There the *855 court held that, as between the two competing hens on certain real property, the lien of a purchase money mortgage takes priority over the lien of a prior judgment attaching to the property through the mortgagor. Gomes does not hold, nor even remotely suggest, that the holder of a judgment lien who elects to foreclose that lien may not also, while the foreclosure is pending, enforce the judgment through levy under writ of execution.
Bloodied but unbowed, appellant filed a Motion for Rehearing, on the ground that National was also barred, under the doctrine of equitable estoppel, from serving a writ of execution. On appeal from the order denying that motion (No. 4D01-3318), appellant argues here that National, by making levy under the writ of execution, was taking a position inconsistent with the foreclosure. In Independent Fire Insurance Co. v. Arvidson, 604 So.2d 854, 857 (Fla. 4th DCA 1992), rev. denied, 617 So.2d 318 (Fla.1993)(citing Kuge v. State Dep’t of Admin. Div. of Retirement, 449 So.2d 389 (Fla. 3d DCA 1984)), this court stated:
To be entitled to equitable estoppel a party must show that there was a representation as to a material fact that is contrary to a later asserted position, reliance on that representation and a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon.
Were we to assume that National, by making a levy under the writ of execution was taking a position inconsistent with its prior representation, i.e., its “foreclosure” on the same property, we would nonetheless conclude that appellant has not shown a basis for equitable estoppel. There is not the slightest indication by appellant, either in his motion or his brief here, that appellant, acting in reliance on that representation, changed his position to his detriment.
Each of the respective orders appealed is affirmed.
AFFIRMED.
STEVENSON and SHAHOOD, JJ., concur.

. The complaint was captioned "Complaint for Foreclosure."

. On the day preceding the entry of the summary final judgment, and unknown to the Court or counsel for National, Harris had filed bankruptcy proceedings and a stay order had been entered by the bankruptcy court.

. The motion also sought to void the September 6, 2000 Final Judgment, relief which the court granted due to the fact that the final judgment had been entered while the bankruptcy stay was in effect.

. The motion alleged three grounds: First, Baarcke’s cause of action against appellant, a claim for recission of his purchase from appellant of a parcel of land, had been extinguished eleven months before judgment was entered by virtue of Baarcke selling the parcel to another, the understanding of the parties being that the sale by Baarcke made the case "go away.” Second, three months after Baarcke sold the parcel, appellant's attorney withdrew from the case and thereafter appellant never received notices from the plaintiff or the court and he was unaware that a money judgment had been entered for Baarcke until National contacted him with a demand for payment. Third, the judgment which the court entered had been for only $44,184.90 plus $4,500.00 attorney’s fees, but the recorded judgment was for $110,000.00, an inexplicable increase of $61,367.92.

. A rule 1.540 motion to vacate a final judgment should be filed in the action in which that judgment was entered. See DeClaire v. Yohanan, 453 So.2d 375, 378 (Fla. 1984), superseded by rule on other grounds as stated in, Lefler v. Lefler, 776 So.2d 319 (Fla. 4th DCA 2001). The procedural irregularity of filing, in the foreclosure case, the motion to vacate the Baarcke judgment would have justified denial of the motion but it does not raise an issue of subject matter jurisdiction, and is not one of which appellant may complain. The trial court, in an apparent desire to unsnarl this tangle, "cut to the chase” and gave appellant a full evidentiary hearing on his motion.

. Here, the clerk described the judgment as $44,184.90 and attorney's fees of $4,500.00. A cursory inspection of the judgment reveals that those are the respective amounts awarded in the judgment for interest and for attorney’s fees.

. On April 11, 2001 National filed a notice of cancellation of the lis pendens on the Woodbine property.