## Purdom v. Broach.

(Decided June 19, 1925.)

### Appeal from Calloway Circuit Court.

1. Mortgages—Acquisition by Senior Mortgagee of Mortgagor's Interest Does Not Result in Merger, Unless Intention to Merge Clearly Appears.—Unless intention to merge clearly appears, no merger results when senior mortgagee acquires interest of mortgagor.

2. Estates—Merger of Title and Lien Occurs Only when They Center in Same Person Without Intervening Equities.—It is only when the fee and the lien center in same person, without any intervening claims, liens, or equities, that a merger of title and lien will take place.

3. Mortgages—Rule That Senior Mortgagee's Acquisition of Mortgagor's Interest Does Not Result in Merger Based on Presumption that he Intends to Keep His Lien Alive as Against Intervening Lien or Title.—The rule that acquisition by senior mortgagee, of mortgagor's interest, does not result in merger, is based on presumption that prior lienholder must have intended to keep his lien alive when it is essential to his security against intervening lien.

4. Mortgages—Allegations in Petition by Senior Mortgagee Held Sufficient to Require Junior Mortgagee to Set Up His Claim, in Order that Respective Liens May be Adjudged.—Allegations in petition of senior mortgagee held sufficient to require junior mortgagee to set up his claim, to end that senior mortgagee may be adjudged a prior lien and have land sold for payment of his debt, interest, and cost, if junior mortgage is valid, or have his title quieted, if it is invalid.

COLEMAN & LANCASTER for appellant.

SPEIGHT & CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Granting the appeal and reversing.

Appellant asks a reversal of a judgment sustaining a demurrer to, and dismissing, his petition.

The allegations of the petition, briefly stated, are as follows: On December 12, 1919, T. V. Cole conveyed to E. V. Waterfield by deed, which was duly recorded in the Calloway county clerk's office, a tract of land lying in that county. The consideration was $4,000.00 cash and the execution of three notes, one for $1,500.00 due January 1, 1921, one for $1,500.00 due January 1, 1922, and one for $1,000.00 due January 1, 1923, each bearing inter-

est at the rate of 8% per annum from January 1, 1920, until paid. Thereafter plaintiff, now appellant, purchased the notes for a valuable consideration and they were duly assigned to him. On January 5, 1923, after each of the notes became due, and in settlement of same, E. V. Waterfield conveyed the land to plaintiff by deed which was duly recorded in the Calloway county clerk's office. At that time the land was worth less than the amount of said notes. On September 28, 1920, and after the execution of the notes and the recording of the deed reserving a lien to secure their payment, and while the notes were in plaintiff's hands unpaid, E. V. Waterfield executed and delivered to Ryan, Broach and Company a mortgage for $371.06 upon the same land, which mortgage was recorded in the Calloway county clerk's office. H. C. Broach, plaintiff is informed, charges and believes, is now the holder of the said notes and mortgage by assignment; and said claim is unfounded and is a cloud on his title to said land. The petition concludes with a prayer that the court quiet plaintiff's title to the land and that the defendant, Broach, be required to answer and set up his claim, and if the title can not be quieted that the land be sold and the proceeds first applied to the payment of plaintiff's debt and interest, and the remainder, after the payment of the costs of the action, be applied to the payment of the mortgage debt of $371.06 and for all necessary equitable and proper relief.

We take it for granted that the demurrer was sustained on the ground that appellant's lien was merged in the subsequently acquired title, and its priority over the mortgage was thereby lost. The prevailing rule, as announced by the majority of the state courts and by the United States Supreme Court, is that the question of merger is always one of intention, and, unless an intention to merge clearly appears, no merger results from the acquirement by the holder of the senior mortgage of the interest of the mortgagor, and the senior mortgage retains its priority as against all junior or intervening liens upon the mortgaged property; and this is true, whether the interest of the mortgagor is the legal title to the land or the mere equity of redemption. It is only when the fee and the lien center in the same person, without any intervening claims, liens or equities, that a merger of the title and the lien will take place. 19 R. C. L. 489; Factors', etc., Ins. Co. v. Murphy, 111 U. S. 738,.

28 L. Ed. 582; Wiedemann v. Crawford, 158 Ky. 657, 166 S. W. 185. Of course, no distinction can be made between a vendor's lien and a mortgage, as the former is simply a purchase money mortgage, and therefore equivalent in legal effect. The rule is based upon the presumption, as a matter of law, that the prior lien holder must have intended to keep his lien alive when it is essential to his security against an intervening lien or title, and on the further ground that, strictly speaking, the doctrine of merger springs from the fact that when the entire equitable and legal estates are united in the same person there can be no occasion to keep them distinct, since it would be of no use to the owner to keep up a charge upon an estate of which he was seized in fee simple; but if there is an outstanding, intervening lien or title, the foundation for the merger does not exist and none will be declared. Stantons v. Thompson, 49 N. H. 272; Hunt v. Hunt, 14 Pick. 374. Having this view of the question we conclude that the allegations of the petition are sufficient to require the junior mortgagee to set up his claim, to the end that appellant may be adjudged a prior lien and have the land sold for the payment of his debt, interest and costs, if the junior mortgage is valid, or have his title quieted if it appears that the junior mortgage is invalid. It follows that the demurrer to the petition was improperly sustained.

Wherefore, the appeal is granted and the judgment reversed and cause remanded for proceedings consistent with this opinion.