PERRY, Respondent, v. PERRY, et al, Appellant.

(221 N. W. 674.)

(File No. 6599.   Opinion filed November 9, 1928.)

*Windsor Doherty,* of Winner, for Appellant.

*P. A. Hosford,* of Winner, for Respondent.

POLLEY, J. The plaintiff was the owner by assignment of two mortgages on a certain tract of real property in Tripp county. The mortgagors, being in default, executed a deed conveying the fee title to the mortgaged premises to the plaintiff. The deed was sent by mail to plaintiff, who lived in the state of Nebraska, but for some reason the deed never reached him, and about a year later the mortgagors executed another deed conveying the property to plaintiff. This deed was delivered to plaintiff and by him delivered to the register of deeds to be recorded. After such delivery, but before the deed had been recorded, plaintiff learned that, since the recording of his mortgages and subsequent to the execution of the lost deed, the defendant and appellant, Security Bank of Winner, had docketed two judgments against the makers of plaintiff's mortgages, which judgments constituted liens against the land covered by plaintiff's mortgages. Upon learning this fact, plaintiff went to the register of deeds office, and withdrew the above-mentioned deed before it had been recorded. He thereafter brought this action to forclose his mortgages and subject the property to the satisfaction thereof. The Security Bank of Winner defended, claiming that, when plaintiff took the deed from the mortgagors, the mortgage liens merged with the title conveyed by the said deed, and thereby extinguished the mortgage liens, and asked the court to adjudge that their judgments constitute a first lien and incumbrance upon the mortgaged premises.

The case was tried to the court. Findings of fact, conclusions of law, and judgment were for plaintiff, and from such judgment and an order denying defendant a new trial defendant appeals.

While appellant has presented several questions in its brief, the question of merger is the only one that merits consideration. This question does not appear to have ever been determined by this court, but it seems to be the well-settled rule that a merger will not be presumed where it will be against the interest of the

mortgagee, even though the note has been surrendered and the mortgage released. Moffet v. Farwell, 222 Ill. 543, 78 N. E. 925, and, if necessary to protect the interest of the mortgagee, a court of equity will restore a mortgage and decree a foreclosure after it has been canceled and satisfied of record. In such case the owner of the premises is entitled to be subrogated to the lien of the mortgage as against an intervening judgment junior to the mortgage. Hodge v. Dunlop, 49 N. D. 125, 190 N. W. 551.

If there is an outstanding, or intervening, lien or title, the foundation for the merger does not exist, and none will be declared. "It is only when the fee and the lien center in the same person without any intervening claims, liens, or equities that a merger of the title and the lien will take place." 19 R. C. L. 489; Purdom v. Broach, 210 Ky. 161, 275 S. W. 365.

The question of whether the conveyance of the mortgagor's equity to the mortgagee results in the merger of the mortgage and the fee is primarily one of intention of the mortgagee. 41 C. J. 776. In this case the plaintiff could not have intended to waive his mortgage lien for the benefit of the judgment creditor because he did not know of the existence of the judgment liens until after he had taken the deed to the premises, nor has the appellant any reason to complain. He is in no worse condition now than he was prior to the foreclosure. He still has his right of redemption from plaintiff's mortgage, and that is all he ever had. The equities are all with the plaintiff, and in a case like this, unless defendant's legal rights are so clear as to entitle him to recover regardless of plaintiff's equities, plaintiff is entitled to prevail.

The judgment and order appealed from are affirmed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.

CAMPBELL, J. (concurring). The fundamental principle here involved is the same as that previously recognized by this court in Bennett v. Campbell, 48 S. D. 285, 204 N. W. 177, and I concur in the view that the judgment appealed from should be affirmed.