William D. Stark, Barbourville, James Grubbs, Artemus, for appellees.

Before CLAYTON, DUNN and McDONALD, JJ.

---

The LONDON BANK & TRUST COMPANY, Appellant,

v.

AMERICAN FIDELITY BANK & TRUST COMPANY and James W. Grubbs, Appellees.

Court of Appeals of Kentucky.

Oct. 11, 1985.

McDONALD, Judge.

This is an appeal from the Whitley Circuit Court dealing with the question of priority of liens and the doctrine of merger of title. The facts of this case are complicated; however, for review purposes we will endeavor to simplify them.

Originally, James Grubbs borrowed money from the London Bank & Trust Company and gave it a mortgage on certain real property used primarily as a motel. Secondly, Grubbs borrowed money on the same property and gave a mortgage to American Fidelity Bank & Trust Company. Therefore, at this point, the priority of the liens was first to London Bank, and secondly, to American Fidelity.

Grubbs, without permission or knowledge of either bank, deeded the property to Barbara Sumner who later signed a promissory note at London Bank and signed a

guarantee agreement at American Fidelity. Sumner subsequently defaulted on her payments and transferred the property to London Bank voluntarily. She was then released by London Bank from her indebtedness on the first mortgage. Grubbs was not released from any indebtedness by either bank.

The fact that the first lienholder in priority now becomes the record title holder triggers the doctrine of merger of title which, if applicable, then makes the second lienholder first in priority because of the merger. This case was tried twice, the first result being that London Bank prevailed. The second trial, with a special judge sitting, ended favorably for American Fidelity.

The question before this court is whether London Bank lost its lien priority status by having the title to the land conveyed to it. By taking the property as London Bank did, it had hoped to avoid a foreclosure, recoup its losses from a sale, and then proceed against Grubbs, if necessary, for any deficiency. In essence, London Bank was trying to protect its interests by taking advantage of every position it could. However, if London Bank through merger of title and lien loses its position of priority, then American Fidelity becomes first lienholder, and upon sale or foreclosure of the realty American Fidelity would take first the proceeds of such sale. It is admitted that the value of the real estate is much less than the obligations against it.

Both banks rely upon *Purdom v. Broach*, 210 Ky. 161, 275 S.W. 365 (1925). Our review of that authority indicates that the merger of the title and the lien occurs under two qualifications: (1) there is intent to merge; (2) there are no intervening liens and equities. We quote from *Purdom* the following from page 366:

The prevailing rule, as announced by the majority of the state courts, and by the United States Supreme Court, is that the question of merger is always one of intention, and, unless an intention to merge clearly appears, no merger results from the acquirement by the holder of

the senior mortgage of the interest of the mortgagor, and the senior mortgage retains its priority as against all junior or intervening liens upon the mortgaged property; and this is true, whether the interest of the mortgage is the legal title to the land or the mere equity of redemption. It is only when the fee and the lien center in the same person without any intervening claims, liens, or equities that a merger of the title and the lien will take place.

This view is probably better explained in R. Powell, *The Law of Real Property* ¶ 469.1[3] (1984):

The conveyance of the mortgagor's [here, Barbara Sumner] interest to the mortgagee [here, London Bank] may possibly affect junior lienors [here, American Fidelity] and encumbrances by elevating their liens or encumbrances through merger of the mortgage in fee. However, the intent that such merger be effected must be found in the transaction between the mortgagor and the mortgagee. The existence of junior liens, usually impel the courts to assume in construction that the mortgagee did not intend a merger which would be *against his own self interest*. In the absence of affirmative intent, it is generally held that such junior liens remain subordinate, and no merger affects them. Of course, where affirmative intent to the contrary is expressed by the parties in the conveyance or in a collateral agreement it will be given effect. [Emphasis by court.]

*See also* Vol. IV, *American Law of Property* § 16,142 *et. seq.* (1952).

American Fidelity argues that the cancellation of the Sumner debt was indicative of London Bank's intent which somehow became the pivotal factor in the trial court's conclusion making American Fidelity's lien superior to London Bank's lien. That argument is not persuasive in light of the authorities cited. We believe the more reasonable conclusion is that there was no merger of title. It was not demonstrated that London Bank, by having the property deeded from Sumner to it, intended to have

such transfer work against its own self-interest. Certainly, in considering balancing the equities, American Fidelity knew full well when it gave the second mortgage that the property was overcapitalized by indebtedness. Simply because London Bank took positive, protective measures for its own self-interest by taking the title from Sumner, that does not mean that equity works mindlessly against it. Otherwise, American Fidelity would get a pure windfall by being elevated to the status of being first in priority of liens, a position it never bargained for.

Therefore, the judgment is reversed and the trial court is directed to reinstate the first judgment in favor of London Bank.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.