**Eugene R. BELLAND, Appellant,**

v.

**O.K. LUMBER COMPANY, INC., Norman Kruckenberg and Angie Kruckenberg, Appellees.**

No. S–3194.

Supreme Court of Alaska.

Aug. 24, 1990.

Rehearing Denied Sept. 25, 1990.

 

Barry Donnellan, Fairbanks, for appellant.

Joseph W. Sheehan, Fairbanks, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

In this appeal, an attorney challenges a malpractice judgment.

### I

Eugene R. Belland, an attorney, was hired to represent O.K. Lumber Company, Inc., and its two principal shareholders, Norman and Angie Kruckenberg, (hereinafter collectively "Kruckenbergs") in a property transaction. Belland's clients sued him for malpractice after he recorded documents which included a deed of trust intended to secure a loan made by the clients to Leon Kutt, the other party to the transaction. According to the complaint, filed on February 27, 1987, Belland was negligent in failing to discover the existence of a federal tax lien, which had been recorded after issuance of a preliminary title report to his clients but before the date upon which Belland recorded the clients' documents.

At trial Belland moved for a directed verdict,[1] arguing, in part, that the Kruckenbergs' proof failed to establish that the tax lien was superior to their security interest. The trial court denied Belland's motion, stating:

> First of all it's not part of the plaintiffs' proof to establish that the tax lien in fact has priority. The plaintiffs have introduced sufficient proof if believed by the jury to establish that there is a cloud on the title ... [a]nd that's all they need to establish.

The trial court also denied Belland's motion to dismiss for lack of jurisdiction, rejecting his claim that the holder of the lien, the Internal Revenue Service, was an indispensable party.[2]

The jury found against Belland and judgment was entered. This appeal followed.

---

1. Belland asserted below, as he does here, that a purchase-money mortgage has priority over a federal tax lien.

2. Since the court believed that the issue of priority was irrelevant, it concluded that the IRS was not an indispensable party.

## II

■ Professional malpractice consists of four elements: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Linck v. Barokas & Martin*, 667 P.2d 171, 173 n. 4 (Alaska 1983).

An attorney representing persons engaged in a real property transaction may be under a duty to ascertain the status of the property title before recording instruments affecting that title. *Gleason v. Title Guarantee Co.*, 317 F.2d 56 (5th Cir.1963); *Clinton v. Miller*, 124 Mont. 463, 226 P.2d 487, 498 (1951); 7A C.J.S. *Attorney & Client* § 257(b) at 467–68 (1980) ("it is actionable negligence for an attorney in examining a title to land to overlook prior liens thereon"). In this case, expert testimony established that Belland breached his professional duty when he recorded, on behalf of his clients, the deed of trust and related documents without first determining whether the property covered by the deed of trust remained free of recorded

liens, as shown in the preliminary title report. We focus, however, not on Belland's duty or his breach thereof, but on the final prong of the prima facie case for legal malpractice: actual damage.[3]

### A

■ Belland contends that the Kruckenbergs incurred no damage as a result of his alleged negligence. Their security interest, according to Belland, enjoys priority over the federal tax lien, because their deed of trust is in the nature of a purchase-money mortgage.[4]

■ Congress' enactment of the Federal Tax Lien Act,[5] 26 U.S.C. § 6323, "subordinated federal tax liens to various other security interests." *T.H. Rogers Lumber Co. v. Apel*, 468 F.2d 14, 17 (10th Cir.1972). Thus, although a federal tax lien generally takes priority over other unperfected liens, *S. D'Antoni, Inc. v. Great Atlantic & Pacific Tea Co.*, 496 F.2d 1378, 1380 (5th Cir.1974), Congress preserved the priority of purchase-money mortgages over previously filed federal tax liens. *Slodov v. United States*, 436 U.S. 238, 257–58 & n. 23, 98 S.Ct. 1778, 1790–91 & n. 23, 56 L.Ed.2d 251 (1978). In *Slodov*, the United States Supreme Court explained:

> A change in the form of the security for the purchase-money, as from a mortgage to a deed of trust, will not change the character of the debt. The consideration continues to be purchase-money.
>
> 669 P.2d at 393 (quoting 1 L. Jones, *Jones on Mortgages* § 584 at 798 (8th ed. 1928)).

---

**3.** We have previously ruled that no cause of action accrues for legal malpractice "until the client suffers actual damages." *Wettanen v. Cowper*, 749 P.2d 362, 364 (Alaska 1988); *see Greater Area Inc. v. Bookman*, 657 P.2d 828, 829 n. 3 (Alaska 1982); *see also Linck*, 667 P.2d at 173–74.

**4.** For the sake of simplicity, we use the term "purchase-money mortgage" to describe both deeds of trust and mortgages. A deed of trust in Alaska is treated as a lien against the property, much like a mortgage. *Brand v. First Federal Savings & Loan*, 478 P.2d 829, 832 (Alaska 1970); *see also* AS 34.20.110. Thus, a deed of trust, when conveyed to the trustor under circumstances that would comprise a purchase-money mortgage if a mortgage were conveyed, shall be treated as a purchase-money mortgage. *See In re Application of Busse*, 124 Ill.App.3d 433, 79 Ill.Dec. 747, 752, 464 N.E.2d 651, 656 (1984); *Nelson v. Stoker*, 669 P.2d 390, 393 (Utah 1983). In *Nelson*, the court reasoned:

> Whether a vendor's security interest is represented by a trust deed or a mortgage is irrelevant to the applicability of the general rule:

**5.** 26 U.S.C. § 6323(c) provides in part:

> (1) In general—To the extent provided in this subsection, even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid with respect to a security interest which came into existence after tax lien filing but which—
>
> (A) is in qualified property covered by the terms of a written agreement entered into before tax lien filing and constituting—
> (i) a commercial transactions financing agreement,
> (ii) a real property construction or improvement financing agreement, or
> (iii) an obligatory disbursement agreement, and
> (B) is protected under local law against a judgment lien arising, as of the time of tax lien filing, out of an unsecured obligation.

Decisional law has long established that a purchase-money mortgagee's interest in the mortgaged property is superior to antecedent liens prior in time, see *United States v. New Orleans R. Co.*, 12 Wall 362, 20 L.Ed. 434 (1871), and, therefore, a federal tax lien is subordinate to a purchase-money mortgagee's interest notwithstanding that the agreement is made and the security interest arises after notice of the tax lien. The purchase-money mortgage priority is based upon recognition that the mortgagee's interest merely reflects his contribution of property to the taxpayer's estate and therefore does not prejudice creditors who are prior in time.

In enacting the Federal Tax Lien Act of 1966, Congress intended to preserve this priority, H.R.Rep. No. 1884, 89th Cong., 2d Sess, 4 (1966), and the IRS has since formally accepted that position. *Slodov*, 436 U.S. at 258 n. 23, 98 S.Ct. at 1790 n. 23; *see also Minix v. Maggard*, 652 S.W.2d 93, 97 (Ky.App.1983); *Nelson v. Stoker*, 669 P.2d 390, 395 (Utah 1983); A.

Prigal, *Rabin & Johnson Federal Tax Guidebook* § 74.01[1][b] at 74–4 & n. 19 (rev. ed. 1986).

 The only remaining inquiry is whether the deed of trust filed by Belland constitutes a "purchase-money mortgage." [6]

## B

 A purchase-money mortgage exists where (1) a mortgage on real property is executed in order to secure payment of the purchase-money used by the purchaser, *Liberty Parts Warehouse, Inc. v. Marshall County Bank & Trust*, 459 N.E.2d 738, 739 (Ind.App.1984) and (2) the mortgage is executed contemporaneously with the conveyance or acquisition of legal title to the property, or is intended to be part of the same transaction. *See Busse*, 79 Ill.Dec. at 752, 464 N.E.2d at 656; *Pulse v. North American Land Title Co.*, 218 Mont. 275, 707 P.2d 1105, 1107–08 (1985); *see also* G. Nelson, D. Whitman, *Real Estate Finance Law* § 9.1 at 675–80 (2d ed. 1985); 55 Am.

**6.** The trial court avoided the issue of priority, partly because it concluded, *inter alia,* that the IRS would need to be joined for such a determination. On appeal, the Kruckenbergs assert that the IRS was an indispensable party relative to the priority issue, and failure to join the IRS precludes delving into the issue. Belland contends that the IRS is not an indispensable party in order to resolve the priority issue in that the IRS has issued a Revenue Ruling indicating its position. *See* Rev.Rul. 68–57, 68–1 Cum.Bull. 553.

The United States may not be joined in litigation unless and until it consents to be joined. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *DeRewal v. United States*, 572 F.Supp. 1124, 1128 (E.D.Pa. 1983). 28 U.S.C. § 2410(a) delineates several causes of action wherein the United States has given its consent to actions, including actions "to quiet title to" or "to foreclose a mortgage or other lien upon" real property on which the United States has a lien. 28 U.S.C. § 2410(a)(1)–(2) (1982). Professional negligence, however, is not enumerated, and as this is a professional negligence case, the United States could not properly be joined.

In any event, the rights of the United States have not been implicated by this litigation. If the Kruckenbergs attempted to enforce their lien by foreclosure, then the tax lien would be implicated and the United States should be made a party. 28 U.S.C. § 2410(a)(2) (1982).

Failure to join the United States under a foreclosure cause of action would allow the federal liens to remain undisturbed. 26 U.S.C. § 7425(a)(1) (1988); *United States v. Mayor & City Council of Baltimore*, 564 F.2d 1066, 1068 n. 2 (4th Cir.1977). Further, failure to properly notify the United States upon foreclosure of property attached with a federal tax lien could have the effect of merging the tax lien with the title and thereby elevating the federal tax lien to first priority. *Title Guaranty Co. of Wyoming v. Commissioner*, 667 F.Supp. 767, 772 (D.Wyo. 1987).

So, too, if the United States enforced its lien, the Kruckenbergs or any other person "having liens upon or claiming any interest in the property," would have to be made parties to the foreclosure action. 26 U.S.C. § 7403(b) (1988). If the United States undertook foreclosure, the federal court would "finally determine the merits of all claims to and liens upon the property." 26 U.S.C. § 7403(c) (1988). That the federal courts have the final determination of the lien priority upon foreclosure underscores the point that this litigation involves a determination of lien priority for purposes of legal malpractice only.

Moreover, the United States has a right to intervene in civil litigation involving property to which it asserts a lien. 26 U.S.C. § 7424 (1988); *Parker v. Brown*, 570 F.Supp. 640, 642 (S.D.Ohio 1983); *McDaniel v. Jones*, 235 Kan. 93, 679 P.2d 682, 694 (1984).

Jur.2d, *Mortgages* § 13 at 202 (1971). There is no dispute regarding the nature of the transaction between the Kruckenbergs and Kutt. Kutt executed the deed of trust solely to secure his repayment of money borrowed from the Kruckenbergs in order to purchase the property covered by the deed of trust. The deed to such property and the deed of trust were simultaneously recorded. The deed of trust, therefore, qualified as a purchase-money mortgage having priority over the federal tax lien.

Based on the foregoing, we conclude that, as a matter of law, the Kruckenbergs have suffered no damage as a proximate result of Belland's alleged breach of his professional duty. Such being the case, their malpractice claim fails. Accordingly, we reverse the trial court's denial of Belland's motion for a directed verdict.

REVERSED and REMANDED for entry of judgment in favor of Belland.[7]

---

**7.** Our disposition obviates the need to address Belland's specification of error regarding the superior court's award of costs and attorney's fees against him.