## KENTUCKY LEGAL SYSTEMS CORPORATION, Appellant,

### v.

N.E. DUNN; Ged Dunn; Jacob Valentine Realty, Inc.; James Perry; Ellen Perry, (and any Unknown Spouse); Community Trust Bank, N.A.; United States Department of Treasury, Internal Revenue Service; Commonwealth of Kentucky, Revenue Cabinet; First Security National Bank Trust Company of Lexington, (n/k/a Bank One, Kentucky, National Association); Commonwealth Land Title Insurance Company; Barbara Adams (and any Unknown Spouse); and George White, Jr., (and any Unknown Spouse), Appellees.

### No. 2004–CA–002352–MR.

Court of Appeals of Kentucky.

April 14, 2006.

Discretionary Review Denied by Supreme Court Nov. 15, 2006.

J. Robert Lyons, Jr., Lexington, KY, for Appellant.

James B. Ratliff, Pikeville, KY, for appellee, Community Trust Bank, N.A.

No brief for other named appellees.

Before BARBER, MINTON, and TACKETT, Judges.

## OPINION

TACKETT, Judge.

Kentucky Legal Systems Corporation (KLS) appeals from the judgment of the Fayette Circuit Court finding that its judgment lien against all property owned by N.E. Dunn and George E. "Ged" Dunn was inferior to the mortgage held by Community Trust Bank, where the mortgage enabled the purchase of the subject real property. KLS argues that Kentucky law requires that its first-recorded judgment lien have priority over the Community Trust mortgage. We disagree and affirm.

The property in question was purchased in October 2000, by Dunn, and the loan enabling the purchase was given by Community Trust Bank in exchange for a mortgage on the property. The judgment held by KLS was entered in 1992, and the judgment lien filed and properly recorded in 1998 against all real property owned by Dunn. KLS argues that the bank was on constructive notice of its judgment lien and that it failed to exercise due care before giving Dunn a loan. Dunn later defaulted on the mortgage and the bank sought foreclosure and a declaration that its mortgage held priority over the judgment lien. The circuit court agreed that the mortgage should be considered a purchase money mortgage in accord with the Restatement (Third) of Property, *Mortgages* § 7.2 (1997), quoting the following section:

> Under this section the vendor's purchase money mortgage is senior to any previous judgment liens that arise against the purchaser-mortgagor. This is true even though a judgment attaches as a lien to the judgment debtor's after-acquired real estate and the vendor takes the mortgage with actual knowledge of the judgment.... Because this long-established rule makes it unnecessary for a purchase money lender to examine for preexisting judgments and other liens

against the purchaser-mortgagor, it reduces title risk in connection with such transactions and thus encourages purchase money financing by vendors. Moreover, the rule is justified on grounds of fundamental fairness. The vendor-mortgagee should prevail because the lien creditor has not extended credit or perfected the lien in reliance on the right to be repaid out of any specific property, much less out of the real estate previously owned by the vendor. This is obvious, since the judgment was obtained before the debtor acquired the real estate to which the judgment lien attached....

> This section extends the same priority preference to third party purchase money lenders.... While it is true that such lenders, unlike vendors, do not give up ownership of specific real estate, they nevertheless part with money with the expectation that they will have security in that real estate. Without this advance of money, the purchaser-mortgagor would never have received the property and the other claimants would never have had the opportunity to satisfy their claims from such a convenient source. As in the vendor purchase money context, this section seeks to avoid conferring a windfall on those claimants.

The circuit court adopted the Restatement's reasoning and held the bank's mortgage was superior to KLS's judgment lien. This appeal followed.

■ KLS's argument for its priority rests entirely on two statutes, KRS 382.270 which requires recording of all instruments affecting real property, and KRS 382.280, which provides that deeds and mortgages take effect in the order in which they are legally acknowledged and recorded. Coupled with the dearth of Kentucky cases on the subject, KLS ar-

gues that in the absence of a statutory mandate to do so, the courts should look only at the recording dates of instruments for guidance as to priority. Community Trust, citing the Restatement (Third) and other treatises, argues that the judgment was correct because without its grant of a loan with a mortgage reserved, the debtor would have no interest in the property at all to which KLS's judgment lien could attach, and cites many cases in other jurisdictions which follow this rule. KLS responds by saying that Kentucky only recognizes a limited exception to the ordinary rules on priority for purchase money mortgages, narrowly defining such an interest as a "vendor's lien" where the grantor himself retains the mortgage.

KLS cites only two Kentucky cases, *Purdom v. Broach,* 210 Ky. 161, 275 S.W. 365 (1925) and *Minix v. Maggard,* 652 S.W.2d 93 (Ky.App.1983), in support of the above proposition. On closer examination, neither case is particularly useful to this determination. *Purdom* mentions vendor's liens only by saying "no distinction can be made between a vendor's lien and a mortgage, as the former is simply a purchase-money mortgage, and therefore equivalent in legal effect." *Purdom* at 366. *Minix,* meanwhile, deals with an extraordinary set of facts involving an unrecorded purchase money mortgage from the grantor, but of which all of the relevant parties had actual notice, and a federal tax lien, and this Court held that due to the actual notice the purchase money mortgage had priority even though it was unrecorded. Neither case specifically defines a purchase money mortgage in the narrow way suggested by KLS, in that they do not involve a third-party lender at all.

Nor do the two statutes foreclose the possibility of an exception for purchase money mortgages to the ordinary rules of priority. The statutes are quite general and do not address the specific situation at all. In fact, the statutes only specifically mention mortgages and deeds, and not other interests created by liens such as the one held by KLS. We hold in the absence of definite guidance from case law or statute, the circuit court properly decided the question of priority based on guidance from the Restatement, which serves as a guiding star for courts and scholars alike on the state of the law. Considering also the many states which have adopted the Restatement (Third)'s view on this question,[1] either specifically by reference to the Restatement or by holding in accord with the reasoning behind the section, we hold that Kentucky should adopt this logical rule that third parties who lend money used to purchase real estate in exchange for a mortgage hold special priority over all other recorded liens and judgments except where agreed otherwise by the parties or specified by statute.

■ With respect to KLS's argument that Community Trust did not exercise due care in failing to discover its judgment lien, for the reasons stated in the Restatement (Third) we hold that Community Trust, as a purchase money lender, did not need to search for judgment liens, as they should be given first priority over a judgment lien regardless of whether they had notice of any kind of the interest. Even had Community Trust discovered the lien by exercise of due diligence, it should be granted priority over the judgment credi-

1. *See, Guffey v. Creutzinger,* 984 S.W.2d 219 (Tenn.Ct.App.1998); *see also, Belland v. O.K. Lumber Co. Inc.,* 797 P.2d 638 (Alaska 1990); *Garrett Tire Center, Inc. v. Herbaugh,* 294 Ark. 21, 740 S.W.2d 612 (1987); *Citibank Mort-gage Corp. v. Carteret Savings Bank, F.A.,* 612 So.2d 599 (Fla.Dist.Ct.App.1992); *Aetna Cas. & Sur. Co. v. Valdosta Federal Savings & Loan Ass'n,* 175 Ga.App. 614, 333 S.E.2d 849 (1985).

tor's lien due to its status as a purchase money lender.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.