**Carroll L. HAYS, Appellant**

v.

**NATIONSTAR MORTGAGE LLC; Shannon Bright; Value Finance Corp.; Kentuckiana Finance, LLC; Unknown Spouse (If Any) of Alvin Lloyd; and Louisville/Jefferson County Metro Government, Appellees**

**NO. 2015–CA–000121–MR**

Court of Appeals of Kentucky.

JANUARY 6, 2017; 10:00 A.M.

BRIEF AND ORAL ARGUMENT FOR APPELLANT: James P. McCrocklin, Louisville, Kentucky

BRIEF AND ORAL ARGUMENT FOR APPELLEE NATIONSTAR MORTGAGE LLC: Benjamin M. Rodriguez, Cincinnati, Ohio

BEFORE: D. LAMBERT, THOMPSON AND STUMBO, JUDGES.

### OPINION

STUMBO, JUDGE:

Carroll L. Hays appeals from an *In Rem* Judgment and Order of Sale rendered by the Jefferson Circuit Court. Hays argues that the Court improperly applied *Kentucky Legal Sys. Corp. v. Dunn*, 205 S.W.3d 235 (Ky. App. 2006), to determine that the lien of Plaintiff/Appellee Nationstar Mortgage LLC is superior to a prior

Judgment Lien filed by Hays. Finding error, we REVERSE AND REMAND the Order on appeal.

## FACTS AND PROCEDURAL HISTORY

On November 22, 2006, Hays filed a Notice of Judgment Lien in Jefferson County, Kentucky, against the Judgment debtor Alvin Lloyd. The Judgment and Lien resulted from child support arrearages owed by Lloyd to Hays in the amount of $13,534.14.

Thereafter, Shannon Bright purchased from Lloyd a parcel of real property situated in Louisville, Kentucky. To effectuate the purchase, Bright executed a Note in the amount of $90,000 in favor of Nationstar. Bright also executed a Mortgage on the parcel to secure the payment of the Note.[1] The Jefferson Circuit Court would later determine that Nationstar had constructive notice of Hays' Lien prior to executing the Bright Note and Mortgage.

On February 28, 2012, Nationstar filed the instant foreclosure action, alleging that Bright had defaulted on the Note. Nationstar also sought to enforce the Mortgage. Hays asserted an interest in the parcel by virtue of her Judgment Lien against Lloyd.

On May 22, 2013, Hays moved for partial summary judgment seeking a ruling of lien priority over Nationstar's Mortgage. Relying on *Mortg. Elec. Registration Sys., Inc. v. Roberts*, 366 S.W.3d 405 (Ky. 2012), Hays argued that a prior interest in real property takes priority over a subsequent interest that was taken with actual or constructive notice of the prior interest. Nationstar filed a Response in Opposition, arguing that under *Dunn*, purchase money mortgages have priority over judgment lien creditors irrespective of timing and notice. Nationstar argued that under *Dunn*, a purchase money lender does not need to search for judgment liens, as purchase money lenders automatically have priority regardless of whether they had notice of any other interest.

On June 21, 2013, Hays filed a Reply Memorandum in support of her Motion for Partial Summary Judgment. Hays argued that the Jefferson Circuit Court should not implicate the doctrine of equitable subrogation, which would have the effect of relieving Nationstar from negligent title examination and is at odds with *Roberts*.

The court referred the matter to the Master Commissioner, who recommended that Hays' Motion for Partial Summary Judgment be denied. The Commissioner found that *Dunn* was controlling. Hays and Nationstar filed an exception and response, respectively, and the matter then went before the Jefferson Circuit Court for adjudication of Hays' Motion for Partial Summary Judgment. On April 29, 2014, the Jefferson Circuit Court rendered an Amended Order Adopting Master Commissioner's Report and Denying Defendant's Motion for Partial Summary Judgment. In support of the Order, the court concluded that "*Dunn* is the applicable law in this case and it holds that purchase money mortgages are superior to previously entered judgment liens against any property owned by mortgagor. Ms. Hays has failed to address the legal effect of *Dunn*, or why her lien allows for an unequivocal departure from *Dunn*." The Jefferson Circuit Court's *In Rem* Judgment and Order of Sale was rendered on December 22, 2014, and this appeal followed.[2]

---

1. For reasons not revealed in the record, Hays' Judgment Lien was not satisfied at the time of Bright's purchase of the Lloyd parcel.

2. The Judgment was executed when the property was sold to Federal National Mortgage Association. Hays did not post a *supercedeas* bond to stay the sale.

## LAW AND ANALYSIS

Hays now argues that the Jefferson Circuit Court erred in failing to give effect to the guidance provided by the Kentucky Supreme Court in *Roberts* and instead adopted the ruling in *Dunn*. She maintains that there is no question but that the mortgage holder, Nationstar, had constructive knowledge of Appellant's prior recorded judgment lien by reason of the recording at the Clerk's Office, and there is no rational basis for distinguishing the instant facts from those of *Roberts*. Hays contends that the Jefferson Circuit Court clearly erred in failing to recognize Hays' Lien as superior to the subsequent purchase money lien of Nationstar. She seeks an Opinion and Order reversing the Order on appeal and remanding the matter with instructions to enter a Judgment establishing Appellant's Lien as superior.

Though Hays now appeals from the *In Rem* Judgment and Order of Sale, the Jefferson Circuit Court's reasoning and analysis giving rise to the Judgment and Order are set out in its April 24, 2014 Amended Order Adopting Master Commissioner's Report and Denying Defendant's Motion for Partial Summary Judgment.[3] In this Amended Order, the Court relied on *Dunn* in concluding that Nationstar's Purchase Money Lien was superior to Hays' prior Judgment Lien. According to *Dunn*, a purchase money lender does not need to search for judgment liens, as purchase money liens automatically have priority whether the purchase money lender had notice of any other interest. *Dunn*, 205 S.W.3d at 237. Quoting Restatement (Third) of Property, *Mortgages* § 7.2 (1997), the Court in *Dunn* stated that "the vendor's purchase money mortgage is senior to any previous judgment liens that

arise against the purchaser-mortgagor. This is true even though a judgment attaches as a lien to the judgment debtor's after-acquired real estate and the vendor takes the mortgage with actual knowledge of the judgment[.]" *Id.* at 236.

In *Roberts*, *supra*, the Kentucky Supreme Court stated that,

Kentucky is a race-notice jurisdiction. *See* KRS[4] 382.270–.280. In order to have first priority, "one must not only be the first to file the mortgage, deed or deed of trust, but the filer must also lack actual or constructive knowledge of any other mortgages, deeds or deeds of trust related to the property." *Wells Fargo Bank, Minnesota, N.A. v. Commonwealth, Finance and Administration, Department of Revenue*, 345 S.W.3d 800, 804 (Ky. 2011). Put another way, a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest.

*Roberts*, 366 S.W.3d at 407–08.

*Dunn* and *Roberts* appear to be at odds. *Dunn* states in clear and unambiguous terms that a vendor's purchase money mortgage is senior to all previous judgment liens (except tax liens), even when the vendor takes the mortgage with actual notice of prior judgment liens. Conversely, *Roberts* reaffirms the traditional race-notice rule that a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest.

*Roberts* did not expressly overrule *Dunn*. The question for our consideration, then, is whether 1) *Roberts* overruled *Dunn* by implication, or 2) *Dunn* survives as a limited exception to the traditional

---

**3.** In this Amended Order, the Jefferson Circuit Court repeatedly refers to Nationstar as "Northstar".

**4.** Kentucky Revised Statute.

race-notice rule reaffirmed in *Roberts*. After a careful analysis of the record and the law, we conclude that *Roberts* overruled *Dunn* by implication.

There is little question but that *Dunn* and *Roberts* are at odds. In adopting the *Restatement's* rule that purchase money lenders have priority irrespective of "first to file" and notice considerations, *Dunn* is in opposition to the longstanding race-notice rule that has guided Kentucky's lenders and mortgage holders for decades. As an intermediate appellate court, this Court is bound by published decisions of the Kentucky Supreme Court. Rules of the Supreme Court of Kentucky (SCR) 1.030(8)(a); *Smith v. Vilvarajah*, 57 S.W.3d 839, 841 (Ky. App. 2000). Though *Roberts* addressed equitable subrogation, which is not implicated herein, it expressly reaffirmed that "Kentucky is a race-notice jurisdiction" and that "a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest." *Roberts*, 366 S.W.3d at 407–08. As *Roberts* was 1) rendered six years after *Dunn*, and 2) is binding on Kentucky's intermediate appellate Courts by virtue of having been rendered by the Kentucky Supreme Court, SCR 1.030(8)(a), *supra*, we conclude that *Roberts* overrules *Dunn* by implication. The holding in *Dunn* is not a limited exception to the general race-notice rule, but rather is supplanted by the most recent expression of Kentucky's mortgage lending law as set out in *Roberts*.

Because the matter is before us on an appeal from a final judgment, and as the facts are not in controversy, our role is to review the application of the law to the facts and consider these issues *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001). When examining these issues *de novo*, we conclude that *Roberts* effectively overrules *Dunn* by implication. Accordingly, the race-notice provisions reaffirmed by *Roberts* must be applied to the facts before us.

## CONCLUSION

For the foregoing reasons, we RE-VERSE and REMAND the Jefferson Circuit Court's *In Rem* Judgment and Order of Sale.

ALL CONCUR.