RENDERED: APRIL 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0461-MR

JJ&C DISTRIBUTING, LLC                                         APPELLANT

                    APPEAL FROM WHITLEY CIRCUIT COURT
v.                  HONORABLE DANIEL BALLOU, JUDGE
                    ACTION NO. 23-CI-00007

JIMMIE LEE JACKSON                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: JJ&C Distributing, LLC ("Appellant") appeals

from an order of the Whitley Circuit Court granting the motion of Jimmie Lee

Jackson ("Appellee") for a judgment on the pleadings per Kentucky Rules of Civil

Procedure ("CR") 12.03. Appellant argues that the circuit court abused its

discretion in concluding that Appellant had actual or constructive notice of

Appellee's off-conveyance deed to the Commonwealth of Kentucky, and should

have examined the public record prior to purchasing a parcel of real property from Appellee. Appellant also argues that the circuit court improperly failed to conclude that Appellee breached his contract with Appellant. After careful review, we find no error and affirm the order of the Whitley Circuit Court.

## FACTS AND PROCEDURAL HISTORY

Appellant is a limited liability company conducting business as Dr. P's Auto Clinic. John Pfoutz is Appellant's sole owner. In 2020, Appellee owned a parcel of commercial real property situated on Cumberland Falls Highway in Whitley County, Kentucky.

The parties entered into an agreement whereby Appellee would lease the parcel to Appellant for one year at $1,000.00 per month, with that $12,000.00 being applied as a down payment on Appellant's purchase of the parcel for $199,900.00. The agreement provided for 12-month extensions of the lease if Appellant did not purchase the parcel at the end of the first year.

Between January and March, 2022, and after Appellant paid the initial $12,000.00 lease/downpayment, Pfoutz received a letter from the Commonwealth of Kentucky, Transportation Cabinet ("the Cabinet"), communicating its intention to widen the roadway in front of the parcel, to take by eminent domain a portion of the parcel, and the amount the Cabinet was willing to pay to Appellee. A representative of the Cabinet also inspected the parcel. Pfoutz communicated these

facts to Appellee. Thereafter, Appellee came to an agreement with the Cabinet and executed a deed to it on March 15, 2022, transferring title of 0.04 acres to the Cabinet. We will refer to this deed as the Cabinet's deed.

On August 15, 2022, the parties closed on the sale of the parcel at issue. The deed, which we will refer to as Appellant's deed and which was recorded on August 23, 2022, stated that 0.04 acres conveyed to the Cabinet was not included in the conveyance to Appellant.

On January 4, 2023, Appellant filed the instant action against Appellee in Whitley Circuit Court alleging fraud, fraud in the inducement, breach of contract, and entitlement to punitive damages. The complaint centered on Appellant's allegation that Appellee improperly failed to inform it of Appellee's transfer of the 0.04 acre parcel to the Cabinet, and failed to transfer to Appellant the entire parcel contemplated by the parties' initial agreement.

Discovery commenced, and on January 26, 2024, Appellee moved for a judgment on the pleadings per CR 12.03. After conducting a hearing on the motion, and upon considering the arguments of counsel and the pleadings, the circuit court rendered an order on March 5, 2024, granting Appellee's motion for a judgment on the pleadings. The circuit court ruled in relevant part that Appellant had actual, constructive and inquiry notice of the content and legal effect of Appellee's deed to the Cabinet transferring title to the 0.04 acres. Appellant

moved to alter, amend or vacate the judgment, which was denied by way of an order entered on April 3, 2024. This appeal followed.

## STANDARD OF REVIEW

A motion for a judgment on the pleadings presents a question of law, which requires an examination of the pleadings; therefore, we conduct a *de novo* review. *Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 238-39 (Ky. 2020). The motion should be granted only if it appears beyond doubt that the nonmoving party could not present any set of facts that would entitle him to relief. *Id.* at 240.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Whitley Circuit Court erred in granting Appellee's motion for a judgment on the pleadings. While acknowledging that a deed's description of a prior off-conveyance of a portion of commercial property is generally sufficient to require the purchaser to examine the title prior to closing based on principles of constructive notice, Appellant argues that an exception to the general rule is found where the seller made fraudulent misrepresentations so as to induce the purchaser to buy the property. Appellant asserts that this exception applies to the matter before us, as Appellant's allegations of fraud, fraudulent misrepresentation, and fraud in the inducement invalidated the Appellee's defense of constructive or actual notice. Specifically, Appellant alleged in its complaint that Appellee "perpetrated a fraud upon the Plaintiff [Appellant] by knowingly and

-4-

falsely asserting that the property conveyed to the Commonwealth of Kentucky would not interfere with Plaintiff's use of the property, none of which was true." The complaint also alleged that Appellee failed to communicate to Appellant how much of the property was conveyed to the Cabinet. On this basis, Appellant requests an opinion reversing the order granting Appellee's motion for a judgment on the pleadings.

CR 12.03 provides that,

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on such motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

A motion for a judgment on the pleadings admits, for purposes of the motion, the truth of the nonmoving party's pleadings. *Sheffer v. Chromalloy Mining and Mineral Division of Chromalloy American Corp.*, 578 S.W.2d 594, 595 (Ky. App. 1979).

The question for our consideration, then, is whether it appears beyond doubt that Appellant – the nonmoving party – would be unable to present any set of facts that would entitle it to relief. *Russell*, *supra*. After examining the pleadings *de novo*, we must answer this question in the affirmative.

Kentucky is a race-notice jurisdiction, in which a prior interest in real property prevails over a subsequent interest that was taken with actual or constructive knowledge of the prior interest. *Hays v. Nationstar Mortgage, LLC*, 510 S.W.3d 327, 330 (Ky. App. 2017). "[C]onstructive notice is established by mere proof that a valid interest in real property is properly recorded in the office of a county [] clerk." *State Street Bank & Trust Co. of Boston v. Heck's, Inc.*, 963 S.W.2d 626, 630 (Ky. 1998) (citation omitted).

Appellant's complaint reveals, and Appellee's answer so acknowledges, that Appellant had actual or constructive knowledge of Appellee's conveyance to the Cabinet prior to the filing of Appellant's deed. Appellant's complaint quotes a portion of Appellant's deed, which expressly states that excepted from Appellant's deed is the 0.04 acre transfer made from Appellee to the Cabinet on March 15, 2022, and which was recorded in Deed Book 567, page 604. The complaint acknowledges that the Cabinet's deed was filed some five months prior to the filing of Appellant's deed. Thus, by reference only to Appellant's complaint, the Whitley Circuit Court properly concluded that Appellant had at least constructive notice of the March 15, 2022 deed to the Cabinet.

Appellant asserts that Appellee's statements to Appellant some weeks or months prior to closing constitute fraud which induced Appellant to purchase the property. Specifically, Appellant maintains that Appellee incorrectly stated

that the conveyance to the Cabinet would affect Appellant's signage but not the parking lot. The merger doctrine holds, however, "that all prior statements and agreements, both written and oral, are merged into the deed and the parties are bound by that instrument." *Borden v. Litchford*, 619 S.W.2d 715, 717 (Ky. App. 1981). Thus, Appellee's statement about the signage and parking lot, if made, are merged into the deed and Appellant is bound by it. Again, this derives from the fact that Appellant had actual or constructive notice of the Cabinet's deed, and purchased the parcel subject to that deed. We find the case law cited by Appellant to be distinguishable.

Appellant also argues that the Whitley Circuit Court erred in rendering the judgment on the pleadings since Appellee clearly breached his contract with Appellant. Appellant asserts that the parties entered into an enforceable contract with certain terms; that Appellant strictly complied with those terms; and, that Appellee breached the contract by failing to deliver the parcel as bargained for.

Just as the merger doctrine holds that all prior statements are merged into the deed and the parties are bound by that instrument, the doctrine also "provides that upon delivery and acceptance of a deed, the deed extinguishes or supersedes the contract for the conveyance of the realty." *Jackson v. Mackin*, 277 S.W.3d 626, 628 (Ky. App. 2009) (citation omitted). Appellant is correct that

Appellee did not convey the parcel as originally contemplated by the parties; however, since Appellant had actual or constructive knowledge of the 0.04 acre conveyance to the Cabinet and nonetheless chose to proceed to closing, he is bound by the deed to which he assented.  The Whitley Circuit Court properly so found.

## **CONCLUSION**

Based solely on the pleadings, the Whitley Circuit Court properly concluded that Appellant could not present any set of facts at trial that would entitle it to the relief sought.  Accordingly, a judgment on the pleadings was properly rendered.  For these reasons, we affirm the order of the Whitley Circuit Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Sandra J. Reeves | Ralph W. Hoskins |
| Corbin, Kentucky | Corbin, Kentucky |